(No. 35877.—▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LOUIS FOX, Plaintiff in Error.

*Opinion filed May 25, 1962.*

Edward J. Donahue, of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and John T. Gallagher and William L. Carlin, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Daily delivered the opinion of the court:

Defendant, Louis Fox, waived a jury trial and was convicted in the criminal court of Cook County of the crime of unlawful possession of narcotic drugs. He was sentenced to the penitentiary for a term of not less than two nor more than seven years, and now prosecutes this writ of error for review.

The record indicates that on the morning of April 28, 1958, the Chicago police, having procured a warrant to search an apartment at 25 S. Winchester Avenue, went to that address and were met at the door by Julian Durrough, described as defendant's girl friend. The name "Fox" ap-

peared on the warrant, and when the officers inquired if he was home the young lady replied that he had gone to the cleaners and would return in a few minutes. The officers then searched the apartment and found a packet of heroin in a pocket-sized book that was sitting on an end table in the apartment kitchen. In about ten minutes defendant returned with the cleaning, one garment being a man's coat, and was placed under arrest. A search of his person revealed no narcotics, but when shown the packet of heroin previously found in the kitchen defendant said: "That's mine. I bought it last night. I don't want the girl in trouble, that belongs to me."

Testifying in his own behalf, defendant conceded that he had made such an admission of ownership but stated he had done so because he was afraid the police were going to beat him. He denied owning the packet of drugs or the book in which it was found, and although he professed to know of his own knowledge that the drugs did not belong to his girl friend, he said he did not know to whom they did belong. During the course of his examination defendant testified that he had been confined in a correctional institution in Michigan for a narcotics offense, but said that he had not been in contact with addicts or narcotics since he returned home, and that he had "kicked" the narcotics habit since being released. On direct examination he denied that he had lived in the apartment and stated that he lived with his mother at 1728 W. Monroe Street and kept his clothing there. However, when asked on cross-examination if he had not kept his clothing in his girl friend's apartment he replied: "No, I didn't have any clothing."

Idell Hurn, defendant's mother, testified that her son had lived with her since his release from the institution in Michigan, an event which she said had occurred "about the second week in April," a short time before the present incident occurred.

Defendant's girl friend, Julian Durrough, testified that

the apartment was "in her name," and denied that she and defendant had been living together at the time of his arrest. She related that defendant visited her there; that he had gone on an errand for her this particular morning; and explained that the male garment in the dry cleaning picked up by defendant belonged to her brother-in-law, one Richard Rodgers. Further, the witness testified that she lived alone in the apartment at the time of trial, but that a man and a woman, Ivory Hannon and Geraldine Page, were living with her in the apartment on the day defendant was arrested, and that each had access to the kitchen. Earlier, defendant had testified there were four or five roomers in the apartment.

Recent decisions of this court establish that in order to support a conviction of the crime of possession of narcotic drugs, the State must prove not only that the defendant had knowledge of the presence of the narcotics, but also that they were in the immediate and exclusive control of the accused. (*People* v. *Embry,* 20 Ill.2d 331; *People* v. *Matthews,* 18 Ill.2d 164; *People* v. *Mack,* 12 Ill.2d 151.) By the same decisions it is settled that actual physical possession is not required and that possession may be constructive as well as actual. Two things may be conceded in the present case. First, that there is proof of defendant's knowledge of the presence of the narcotics; second, that there is no proof of his actual physical possession at the time of arrest. The decisive issue remaining is whether there is proof of constructive possession.

Defendant takes the position that his entire conviction rests on his statement admitting ownership of the narcotics and, relying upon the abstract legal proposition that there may be ownership without possession, contends that no inference of constructive possession could possibly be derived from such an admission. We have already held, however, that the abstract legal proposition relied upon has no application where the issue is one of constructive possession.

(*People* v. *Matthews,* 18 Ill.2d 164, 170.) Moreover, defendant's argument assumes the complete truth of the defense testimony and overlooks the inferences the trial court could draw from his admission.

Constructive possession, it is said in *Rodella* v. *United States,* (9th cir.) 286 F.2d 306, 311, is that which exists without actual personal present dominion over a chattel, but with an intent and capability to maintain control and dominion. In the same case, where the constructive possession of a cache of narcotics was at issue, the following also appears (p. 312) : "The Restatement of Torts, § 216, defines 'possession of a chattel' as being where a person has physical control of a chattel with intent to exercise control in his own behalf, *or,* one who has had such physical control with such intent to exercise control although he is no longer in physical control, if he had not abandoned it and no other person has obtained possession." (Emphasis the court's)

Without considering the matter of the credibility of the defense witnesses on the issue of whether defendant was living in the apartment, we are of the opinion there is ample proof in the record to sustain the conclusion that defendant had constructive possession. The narcotics were found in the apartment by the police on the morning of April 28. Defendant, by his own admission, had purchased them only the night before and, from both his own testimony and that of Miss Durrough, it is clear that he had the run of the apartment, even if he did not live there, and it is undisputed that he had been in the apartment that morning shortly before the officers arrived and made their discovery. The only person in the apartment at the time was defendant's girl friend and he has maintained throughout the entire incident that neither possession nor ownership of the drugs had passed to her. Indeed, when defendant was confronted with the drugs, minutes after their discovery, he made it clear that no other person had obtained possession or control of them, and likewise made it clear that he had not

abandoned his own possession and intent to exercise physical control, by advising the officers that the narcotics were his and belonged to him. Considering all of the evidence in light of defendant's admissions, we are of the opinion that his constructive possession of the narcotics was sufficiently established.

It is true that defendant recanted at the trial and denied all knowledge of the drugs, and that he claimed his admission to the police was induced by fear. However, where there is no jury, the credibility of witnesses, the weight to be given their testimony and the inferences to be drawn therefrom are for the trial judge and, upon review, his judgment will not lightly be set aside. (*People* v. *Lynumn,* 21 Ill.2d 63; *People* v. *Richardson,* 17 Ill.2d 253.) From this record we are convinced the trial judge properly reached a conclusion of guilt.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*