THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM ARCHIBALD, Defendant-Appellant.

(No. 71-4;

Third District—February 3, 1972.

Arthur J. O'Donnell, of Chicago, for appellant.

Louis R. Bertani, State's Attorney, of Joliet, for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

On March 31, 1970, William E. Archibald, was operating his automobile in a southerly direction on Route 53 to his place of employment. He was observed by Deputy Sheriff Cimino, who with his partner Deputy Rathbun, were on routine patrol.

A few days prior, Deputy Cimino had acquired information from records in the Sheriff's office that the driving privileges of Mr. Archibald had been suspended by the Secretary of State.

The officers followed the defendant on Route 53, meanwhile placing a call to the Sheriff's office by radio requesting a confirmation of defendant's

driving status. Having received confirmation, they sped ahead to the gate of the Joliet Arsenal, left their vehicle and awaited defendant's arrival.

Upon arriving at the gate, pursuant to instructions of the deputies, defendant pulled over to the side of the road and stopped. The deputies advised him he was under arrest for driving with a suspended license, and ordered him out of the car. After some discussion, the defendant turned off his motor and proceeded to roll up the window of the car. At that time Deputy Rathbun reached in and unlocked the car door while Deputy Cimino opened the car door and again ordered the defendant out of the car.

Deputy Cimino testified that as defendant was getting ready to exit from the car, the defendant made a motion with his right hand that held a blackjack. Deputy Rathbun contradicts this testimony and states that he observed the blackjacks hanging from the brake release of the vehicle, that he hollered to Deputy Cimino, that both officers then grabbed appellant and pulled him from the car, handcuffed him and transported him to the county jail.

The defendant was charged in a three count complaint with: I. Unlawful Use of Weapons in that he knowingly possessed a blackjack; II. The offense of Battery; and III. Resisting or Obstructing a Peace Officer. He was also charged in a Uniform Traffic Ticket and Complaint with driving while license suspended in violation of section 6A—303 of the Uniform Act Regulating Traffic.

A jury trial was held, defendant was found not guilty of the offenses of Battery and Resisting or Obstructing a Peace Officer, but was found guilty and fined Fifty Dollars for Unlawful Use of Weapons and was found guilty of Driving A Motor Vehicle while his license was suspended and was sentenced to a term of ten days in county jail.

Defendant first contends that the trial court erred in denying his Motion for a Directed Verdict at the close of the State's case which was based on the grounds that the Uniform Traffic Ticket and Complaint failed to charge an offense in that there was no such provision as 6A—303 in the Uniform Act Regulating Traffic. The State moved to amend the ticket on its face to show the offense to be in violation of Sec. 6A—303 of the Drivers License Act. Defendant objected and after argument the court allowed the Motion to Amend. "Unlike the case of indictments the common law permitted informations to be amended, the same as complaints in civil actions and under Illinois law informations are still amendable in proper cases, by leave of court, in the exercise of sound judicial discretion, on due and timely application of the officer by whom the information was presented   *   *   *.

If the original information sufficiently states a case, it may be amended

as to details which are not matters of substance, or in other words, as to details which do not change the substance of the offense charged". I.L.P. Indictments and Informations Sec. 102.

While the Code of Criminal Procedure requires that the charge cite the statutory provision alleged to have been violated, S.H.A. ch. 38, Sec. 111—3, it has been held that a deficiency in this respect is not fatal if the charge otherwise states an offense. *People v. Hampton* 105 Ill.App.2d 228, 245 N.E.2d 47; *People v. Adams* 113 Ill.App. 276, 252 N.E.2d 65.

Section 6A—303 of the Drivers License Act, Ill. Rev. Stat. 1969, ch. 95½ sec. 6A—303 provided "Any person who drives a motor vehicle on any highway of this state at a time when his driver's license   *   *   *  is suspended   *   *   *   shall be punished   *   *   *".

The original complaint herein stated, among other things, that the defendant operated a motor vehicle on a public highway of this state and did commit the offense of driving while license suspended.

■■ We conclude that where, as here, the complaint otherwise sufficiently states a case, the incorrect citation of the statute is a formal defect which may be amended. The defendant was fully informed of the charge and has no solid ground to complain in that respect.

Defendant next contends that there is no evidence in the State's case in chief that defendant had received any notice from the Secretary of State as provided by Sec. 6A—209 of the Drivers License Act. Apparently, defendant has overlooked a statement contained in People's Exhibit 2, being a certificate of the Secretary of State relative to the status of defendants operators license. The statement reads "and I certify that all statutory notices required as a result of any driver control action taken have been properly given".

Defendant further contends that the introduction into evidence, over objection, of Peoples Exhibit 2 was prejudicial in that it contained evidence of eleven entries concerning the action taken by the Secretary of State affecting the driving privileges of defendant over a period of many years. The trial court overruled the objection and permitted the introduction of the exhibit after requiring the State to obliterate the objectionable portions with a black felt pen.

The State seeks to justify by citing *People v. Osborne* 78 Ill.App.2d 132; 223 N.E.2d 243. In Osborne a certified copy of the order of the Secretary of State suspending defendant Osborne's license as a result of Osborne's conviction of three moving violations within a 12 month period was admitted into evidence. This court stated "It is a matter of common knowledge that suspension of a license to operate a motor vehicle must depend upon previous misconduct in the operation of a motor vehicle and we are not prepared to hold that spelling out the details of such previous

misconduct in the proof of suspension should in and of itself constitute reversible error."

In Osborne the court was dealing only with the three moving violations in a 12 month period which caused the suspension.

■■ As a general rule evidence is incompetent where it tends to show the commission of other offenses unrelated to the offense with which defendant is charged. *People v. Donaldson* 8 Ill.2d 510, 134 N.E.2d 776.

■■ When the State's Attorney determined that the exhibit contained evidence of other offenses it became incumbent upon him, as an essential ingredient of fundamental fairness, to obtain a certified copy of the order of suspension free of any reference to other offenses not related to the suspension.

The action of obliterating the items did not cure the defect. The jury was tendered an abstract of a driving record, the fact was inescapable that many unrelated arrests had been listed therein. Such action was bound to prejudice the jury.

Defendant also claims that the State failed to prove beyond a reasonable doubt that defendant knowingly possessed a blackjack, contending that, at most, the evidence shows only constructive possession.

Article 24 of the Criminal Code (Ill. Rev. Stats. 1969, Chap. 38, Sec. 24—1) provides "(a) A person commits the offense of unlawful use of weapons when he knowingly: (1) possesses or carries any * * * blackjack, * * *".

■■ What constitutes a sufficient external relationship between a defendant and contraband property to complete the concept of "possession" is a question which is not susceptible of a short generalized answer. Physical possession giving the defendant immediate and exclusive control is, of course, sufficient. The possession need not always be actual physical possession; the defendant may be shown to have had constructive possession by establishing that the property involved was subject to his dominion or control. *People v. Matthews*, 18 Ill.2d 164, 163 N.E.2d 469; *People v. Embry* 20 Ill.2d 331, 169 N.E.2d 767; *People v. Fox* 24 Ill.2d 581, 182 N.E.2d 692.

■■ There is ample proof in the record to sustain the conclusion that defendant knowingly possessed a blackjack.

The judgment on the charge of Unlawful Use of Weapons is affirmed.

The judgment on the charge of driving while license suspended is reversed and the cause is remanded for a new trial on that charge alone.

Affirmed in part and reversed in part.

STOUDER, P. J., and ALLOY, J., concur.