THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL O'CONNELL, Defendant-Appellant.

(No. 73-200; ▮▮▮▮▮▮▮▮▮▮)

Second District—December 30, 1974.

Daniel Burke, of Kuhn & Geraghty, of Glen Ellyn, for appellant.

John J. Bowman, State's Attorney, of Wheaton (Ralph J. Gust, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant, after being stopped by an officer monitoring a traffic radar unit, was cited for speeding and for driving while his license was suspended. (Ill. Rev. Stat. 1971, ch. 95½, §§ 11—601(b) and 6—303(a), respectively.) After a bench trial, he was found guilty on both charges, fined $25 plus costs on the first and $100 plus costs on the second. A 7-day sentence in the county jail was imposed in accordance with the finding of guilt on the latter charge; sentence was suspended. Defendant appeals, claiming that it was prejudicial and reversible error to allow, over objection, the introduction of a certified copy of his driving abstract which

contained evidence of two prior convictions for driving while his license was suspended.

■■ The same issue was passed upon by this court in *People v. Gathman*, 12 Ill.App.3d 904 (1973). There, as here, the defendant cited *People v. Archibald*, 3 Ill.App.3d 591, 594-595 (1972), as authority for his claim that evidence is incompetent where it tends to show the commission of other offenses unrelated to the offense with which defendant is charged. This court held that such rule related to jury trial, but that in bench trials, criminal and civil, the judge, as trier of fact, is presumed to have considered only such evidence as is competent. *People v. Gathman, supra,* and cases cited therein.

The State's submitting into evidence a copy of a driving abstract which shows prior and various offenses is a practice to be discouraged. In a jury trial, such practice would be grounds for reversal even if the other entries on the abstract had been obliterated. (*People v. Archibald*, 3 Ill.App.3d 591 (1972).) In a trial without a jury, the State is not relieved of observing fundamental fairness. It would, therefore, be the preferred practice for the State to obtain a certified driving abstract free of reference to any offenses unrelated to the charge.

In this case, defendant's guilt was proven, without reliance on the driving abstract, by the unrebutted testimony of the police officer who related defendant's admission to driving while his license was suspended.

Judgment affirmed.

SEIDENFELD and RECHENMACHER, JJ., concur.