THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALLEN FITZPATRICK, Defendant-Appellant.

Third District   No. 3—83—0636

Opinion filed June 22, 1984.

Robert Agostinelli and Jean Herigodt, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant-appellant, Allen Fitzpatrick, was convicted of driving while license suspended and disobeying a stop sign following a jury trial. (Ill. Rev. Stat. 1983, ch. 95½, pars. 6—303, 11—1204(b).) He was sentenced by the circuit court of Peoria County to serve 14 days in the county jail and to pay a $3 fine. The defendant appeals.

An agreed statement of facts by the parties indicated the following. At arraignment, the court read the defendant the charges that had been brought against him. The defendant entered a plea of not guilty and was advised that a public defender was available to represent him if he could not afford to hire an attorney. The defendant completed an affidavit of assets and liabilities.

At a subsequent pretrial appearance, the court found that the defendant qualified for representation by the public defender. The defendant, however, declined that appointment and stated he felt that he would not be properly represented by the public defender. The defendant then stated that he would represent himself. The court advised him of the penalties that could be imposed on his conviction but made no inquiry regarding the defendant's objection to representation by the public defender. The defendant still desired to proceed *pro se,* and the court allowed him to do so.

On appeal, the defendant argues that he was denied his constitutional right to counsel because the trial court allowed him to proceed *pro se* without ascertaining whether his objection to representation by the public defender entitled him to appointment of other counsel. In response, the State argues that the trial judge properly allowed the defendant to proceed *pro se* because the defendant knowingly and intelligently waived his right to counsel.

The right to counsel in a criminal trial is guaranteed by both the constitutions of the United States and the State of Illinois. (U.S. Const., amend. VI; Ill. Const. 1970, art. I, sec. 8.) Waiver of this right must be knowing, intelligent, and unequivocal. (*Faretta v. California* (1975), 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525.) In Illinois, waiver of the right to counsel by a criminal defendant is governed by Supreme Court Rule 401(a) (87 Ill. 2d R. 401(a)). Rule 401(a) provides in pertinent part that:

> "(a) Waiver of Counsel. Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a

person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court."

This rule provides a procedure which precludes a defendant from waiving his right to counsel without full knowledge and understanding. The purpose of the rule is to eliminate any doubt concerning the validity of a defendant's waiver. *People v. Brown* (1980), 80 Ill. App. 3d 616, 399 N.E.2d 1374.

In the case at bar, it is evident from the agreed statement of facts that the trial court fully complied with Supreme Court Rule 401(a). The trial court read to the defendant the charges against him and advised the defendant of the possible penalties if he was convicted. At arraignment, he was advised that the public defender was available if he could not afford an attorney and he was instructed to fill out an affidavit of assets and liabilities. At the subsequent appearance, the defendant was advised that he qualified for representation by the public defender. However, the defendant declined that appointment and insisted on representing himself.

We believe that the thrust of the defendant's argument is that while the trial court complied with the letter of Rule 401(a) it failed to comply with the spirit of Rule 401(a). The defendant contends that when he declined appointment of the public defender the trial judge should have informed him about the possibility of alternative counsel being appointed. The defendant further contends that the failure to do so prevented him from attempting to show good cause for appointment of alternative counsel. We do not agree.

First, it is clear from the express language of Supreme Court Rule 401(a) that the trial judge had no duty pursuant to that rule to inform the defendant about the possibility of the appointment of alternative counsel. There simply is no such requirement, and we decline to create one.

Secondly, it is true that there are circumstances in which alternative counsel may be appointed. Thus, "if the defendant requests counsel other than the Public Defender and the court finds that the rights

of the defendant will be prejudiced by the appointment of the Public Defender," the court will appoint other counsel. (Ill. Rev. Stat. 1983, ch. 38, par. 113—3.) In the present case, however, the defendant simply stated that he felt he would not be properly represented by the public defender. We do not construe that remark to be a request for other counsel. Furthermore, it is apparent that the trial court was not of the opinion that the defendant would be prejudiced by appointment of the public defender.

We hold that the trial court fully complied with the requirements of Supreme Court Rule 401(a) and that the defendant knowingly and intelligently waived his right to appointed counsel.

For the foregoing reasons, the decision of the circuit court of Peoria County is affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.