THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KENNETH MORRISON, Defendant-Appellant.

Third District    No. 3—85—0684

Opinion filed November 12, 1986.

Kenneth R. Morrison for appellant, *pro se.*

Eric Swartz, State's Attorney, of Lacon (Howard R. Wertz, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The defendant, Kenneth R. Morrison, was charged with, and convicted of, driving while his driver's license was revoked. (Ill. Rev. Stat. 1985, ch. 95½, par. 6—303.) The defendant appeals. We affirm.

The facts are not in dispute. On July 2, 1985, the defendant was stopped by an Illinois State Police trooper for driving without a validation sticker on the license plate of his vehicle. Upon discovering that the defendant's license had been revoked, the trooper issued citations for driving while license was revoked and driving without valid registration. Prior to trial, the State was granted its motion to dismiss the charge of driving without valid registration.

At trial, although the trial court had earlier appointed a public defender to represent the defendant, the defendant chose to conduct his defense without the assistance of counsel. The court, however, permitted the defendant to consult from time to time with the public defender, who remained in the courtroom during the course of the trial. Also at trial, the defendant introduced an abstract of his driving record which contained other offenses.

Following deliberations, the jury rendered a verdict of guilty. The trial court sentenced the defendant to a prison term of 11 months. This appeal followed.

The defendant raises four issues on appeal. The first is whether the defendant was properly charged with, and convicted of, driving while his driver's license was revoked. The defendant contends that on July 2, 1985, the date of his arrest, he was not driving with a revoked license, but was merely driving without a license because his

one-year revocation period had terminated on May 31, 1985. Therefore, the defendant argues, he should have been tried on the charge of driving without a license.

The elements of driving while driver's license is revoked are: (1) the act of driving a motor vehicle in Illinois; and (2) the fact of the revocation of the driver's license. (*People v. Turner* (1976), 64 Ill. 2d 183, 354 N.E.2d 897.) When a person's driver's license has been revoked, he will not be issued another driver's license until the revocation period has ended. That person may then apply for a license, but must pay a reinstatement fee. In any event, a license will not issue until the Secretary of State has made a determination that granting the privilege will not endanger the public safety or welfare. (Ill. Rev. Stat. 1985, ch. 95½, par. 6—208.) There is no automatic restoration of driving privileges upon the expiration of the revocation period provided for in section 6—208. *People v. Turner* (1976), 64 Ill. 2d 183, 354 N.E.2d 897; *People v. Suddoth* (1964), 52 Ill. App. 2d 355, 202 N.E.2d 120; *cf. People v. Johnson* (1983), 115 Ill. App. 3d 987, 451 N.E.2d 28.

From the above statutory and case law, it is apparent that the revocation period is the time period when a person may not apply for a new license. Following the expiration of the revocation period, while a person may be eligible for application, his license remains "revoked" until a new license is issued by the Secretary of State. In this case, although the period had passed during which the defendant was prohibited from renewing his revoked license, his license was still revoked as of July 2, 1985. Based on the foregoing, we find that the defendant was properly tried and convicted on the charge of driving with a revoked driver's license.

The defendant's second issue is whether his introduction of his driving record constitutes reversible error. It is true that if the State had introduced the defendant's driving record that might have been grounds for reversal. (*People v. O'Connell* (1974), 24 Ill. App. 3d 792, 321 N.E.2d 535.) However, it was the defendant who introduced his driving record and, consequently, we cannot allow him to complain of an error which he invited. *People v. Beavers* (1986), 141 Ill. App. 3d 790, 491 N.E.2d 438.

The defendant's third issue is whether the trial court committed reversible error by allowing the defendant to conduct his *pro se* defense to the Class A misdemeanor charge of driving with a revoked license. The defendant argues that the court failed to instruct the defendant of both the possibility of confinement and his right to counsel.

■■ ■ A defendant has the constitutional right to defend himself without counsel when he knowingly, intelligently, and unequivocally chooses to do so. (*Faretta v. California* (1975), 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525; *People v. Fitzpatrick* (1984), 124 Ill. App. 3d 1079, 465 N.E.2d 166.) In Illinois, waiver of counsel in a criminal proceeding is governed by Supreme Court Rule 401(a), which provides:

> "(a) Waiver of Counsel. Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
>
> (1) the nature of the charge;
>
> (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and
>
> (3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." (87 Ill. 2d R. 401(a).)

The purpose of this rule is twofold: it provides a procedure which precludes a defendant from waiving his right to counsel without his full knowledge and understanding, and it eliminates any doubt concerning the validity of a defendant's waiver. *People v. Fitzpatrick* (1984), 124 Ill. App. 3d 1079, 465 N.E.2d 166.

■ From the record, it is clear that the trial court complied with every provision of Supreme Court Rule 401(a) before allowing the defendant to conduct his own defense. Further, the trial court appointed the public defender as stand-by counsel to advise the defendant if he required aid, and the record indicates that the defendant did consult with the public defender during the course of the proceedings. We find that the trial court fully complied with the requirements of Supreme Court Rule 401(a), and that the defendant intelligently waived his right to appointed counsel.

■ The final issue raised by the defendant is whether the trial court abused its discretion in sentencing the defendant to 11 months of imprisonment. On appeal, we will not alter the sentence imposed by a trial court absent an abuse of its discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) After a careful review of the record, we find that the trial court in no way abused its discretion in sentencing the defendant.

For the reasons stated, the judgment of the circuit court of Marshall County is affirmed.

Affirmed.

WOMBACHER and HEIPLE, JJ., concur.