(No. 11129.—Relator ordered remanded.)

THE PEOPLE *ex rel.* Alfred J. Huber, Relator, *vs.* JOHN L. WHITMAN, Respondent.

*Opinion filed February 21, 1917—Rehearing denied April 5, 1917.*

1. HABEAS CORPUS—*when habeas corpus will not be awarded to review judgment of conviction.* A writ of *habeas corpus* will not be awarded to review a judgment of conviction where the trial court had jurisdiction, since if the judgment is merely erroneous a review may be obtained by writ of error.

2. CRIMINAL LAW—*court cannot vacate judgment after the defendant has been sentenced and committed to custody.* In criminal cases the general rule that a court may vacate its judgment during

the term applies only while the judgment remains unexecuted, and the court is without jurisdiction to so vacate its judgment after the defendant has been sentenced and committed to the custody of the proper officer of the penitentiary or reformatory. (*People* v. *Turney*, 273 Ill. 546, followed.)

3. COURTS—*the municipal court has no more power in setting aside judgments than the circuit court.* Section 21 of the Municipal Court act does not operate to give such court any more power in setting aside its judgments than is allowed the circuit court, and the municipal court cannot vacate a judgment of conviction and grant a new trial after the prisoner has begun serving his sentence, although such order is made within thirty days after the entry of the judgment.

ORIGINAL petition for *habeas corpus.*

SABATH, STAFFORD & SABATH, (CHARLES B. STAFFORD, of counsel,) for relator.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, SAMUEL A. ETTELSON, Corporation Counsel, and GEORGE P. RAMSEY, (OTA P. LIGHTFOOT, FRANK S. RIGHEIMER, and CHESTER E. CLEVELAND, of counsel,) for respondent.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

On the petition of relator filed in this court at the October term thereof, 1916, a writ of *habeas corpus* was issued to the respondent, as superintendent of the house of correction in the city of Chicago, commanding him, among other things, to show cause of imprisonment of the relator. From the petition and the answer of the respondent it appears that the petitioner was arrested on the second day of October, 1916, in the city of Chicago, upon a warrant based upon an information wherein he was charged with living in an open state of adultery with Anna Walsh. At 7:30 P. M. of the same date he was admitted to bail to appear before one of the judges of the municipal court of the city of Chicago on

the third day of October, 1916. He appeared in court on that date in person and by attorney to answer the charge in the information. Upon a hearing it developed that the defendant was not guilty of adultery and the charge was dismissed by the court. Thereupon a new information was immediately filed charging petitioner with fornication with said Anna Walsh. A warrant was issued at once and petitioner was arrested while in court, pleaded not guilty to the charge, signed a jury waiver, and then asked for a continuance in order to have an opportunity to bring witnesses to testify in his behalf on the new charge in the information. The court denied petitioner's request and a hearing was had upon the second charge. The petitioner was found guilty of the offense charged in the information and was immediately sentenced by the court to confinement at labor in the house of correction in the city of Chicago for the term of one year. The petitioner was thereupon immediately committed to the house of correction on the same day, October 3, 1916. Thereafter, on the eleventh day of October, 1916, being within thirty days after said judgment in the municipal court and the sentence and commitment of said petitioner to the house of correction, and after he had begun the execution of said sentence, a motion was made to vacate said judgment of October 3, 1916, and to grant petitioner a new trial, which motion was continued until the fourteenth day of October, 1916. On that date a hearing was had upon said motion, and the court granted a new trial and set the case for hearing on the fourth day of November, 1916. An order was entered by the court admitting petitioner to bail, fixing the amount in the sum of $1000. Thereafter sufficient bail was offered to the court, and the court approved the bond and issued an order to the superintendent of the house of correction to discharge the petitioner upon bail, on the ground that the judgment had been vacated, a new trial granted and the case set for November 4, 1916. The superintendent of the house of correction refused to recognize

said order of discharge and detained the prisoner in custody, whereupon a petition for the writ of *habeas corpus* was filed by the petitioner and the writ was ordered issued. The answer of the respondent shows that he is superintendent of the house of correction of the city of Chicago, and that as such superintendent he received the body of the petitioner under and by virtue of the warrant of commitment of the municipal court, a copy of which is made a part of the return, and that he held the body of the relator by virtue of said warrant of commitment.

As stated by counsel for the relator, there is no dispute as to the facts in the case, and the issues to be determined on this writ are (1) whether, under the circumstances as set out in the petition, the petitioner was legally convicted and sentenced and committed; and (2) whether the municipal court of the city of Chicago had any authority, within the thirty days fixed by the statute organizing said court, to vacate and correct its judgment and sentence.

As to the first point, we have held that a writ of *habeas corpus* will not be awarded on a petition of one who has been convicted and is serving a sentence, where the trial court had jurisdiction of the person or subject matter, even though the judgment may be erroneous. If an error has been committed by the court in the trial of the cause or in the sentence of the petitioner, that is a question which may be reviewed by a writ of error but the party has no right to a writ of *habeas corpus*. *People* v. *Murphy,* 202 Ill. 493; *People* v. *Allen,* 160 id. 400; *People* v. *Zimmer,* 252 id. 9.

As to the second point, in the case of *People* v. *Turney,* 273 Ill. 546, the identical question was raised, and it was held that in criminal cases the general rule that a court may vacate its judgment during the term applies only while the judgment remains unexecuted, but it has no power to so vacate after the defendant has been sentenced and committed to the custody of the proper officer of the penitentiary or reformatory, as the defendant has then entered upon the

execution of his sentence and the court has lost jurisdiction of his person.

It is contended by counsel for the petitioner that the municipal court, under section 21 of the Municipal Court act, (Hurd's Stat. 1916, p. 824,) has absolute control over its judgments for a period of thirty days after their entry. But that section contains the following language: "Every judgment, order or decree of said court final in its nature shall be subject to be vacated, set aside or modified in the same manner and to the same extent as a judgment, order or decree of a circuit court during the term at which the same was rendered in such circuit court." From this language it seems clear that the municipal court has at least no more power than the circuit, superior and criminal courts of Cook county as to setting aside their respective judgments, and if such courts have no power to set aside a judgment and conviction and grant a new trial after the prisoner has entered upon serving his sentence the municipal court cannot do so. This must necessarily be true because of the provisions of section 29 of article 6 of the constitution of 1870, that "all laws relating to courts shall be general, and of uniform operation; and the organization, jurisdiction, powers, proceedings and practice of all courts, of the same class or grade, so far as regulated by law, and the force and effect of the process, judgments and decrees of such courts, severally, shall be uniform." Moreover, in *Grubb* v. *Milan,* 249 Ill. 456, this section of the Municipal Court act was construed, and it was there said, on page 461 of the opinion, after quoting the above provision: "The municipal court has the same power over its judgments for a period of thirty days as circuit courts have during the term at which the judgment is entered, and parties have the same right."

For the reasons given, the order is that the relator will be remanded to the custody of the respondent.

*Relator ordered remanded.*