THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY MANNS, Defendant-Appellant.

(No. 73-309;

Fifth District—February 21, 1974.

*Rehearing denied May 15, 1974.*

D. A. McGrady, of McGrady, Madden and McGrady, of Gillespie, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (James W. Jerz and Edward N. Morris, both of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellant was convicted of theft exceeding $150 in 1969 in the Circuit Court of Madison County. That conviction was affirmed by this court on appeal. (*People v. Manns*, 1 Ill.App.3d 871, 274 N.E.2d 194.) On January 11, 1973, the appellant filed a petition in the circuit court seeking relief pursuant to Ill. Rev. Stat., ch. 110, sec. 72. The section 72 petition was denied by the trial judge, who had participated in the original trial.

The appellant subsequently asked the circuit court to modify his sentence. The appellant had been placed upon three years probation conditioned upon paying a fine of $500 and serving a term of 90 days at the State Farm. The Unified Code of Corrections became effective on January 1, 1973, and the Code prohibits, as a condition of a sentence of probation, a sentence to a period of imprisonment (Ill. Rev. Stat., ch. 38, sec. 1005—6—3(d)). An exception to that rule is that a sentencing court may order periodic imprisonment as a condition of probation. The circuit court, attempting to render the appellant's sentence consistent with the new Code, modified the sentence so that the appellant was to serve weekends in the Madison County Jail for one year. The modification resulted in a sentence of incarceration of 104 days in the county jail, whereas the original order resulted in the 90-day period of incarceration at the State Farm. The three-year period of probation and the $500 fine remained a part of the penalty imposed.

■■ The appellant seeks relief from both the judgment denying section 72 relief and the order modifying his sentence.

Ill. Rev. Stat., ch. 110, sec. 72, provides:

> "The petition must be filed not later than two years after the entry of the order, judgment or decree. Time during which person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of two years."

Under the Unified Code of Corrections, section 5—1—12, judgment is defined as "an adjudication by the court that the defendant is guilty or not guilty and if the adjudication is that the defendant is guilty, it includes sentence pronounced by the court". The motion filed under section 72 must be filed within two years from the entry of judgment. (*People v. Colletti*, 48 Ill.2d 135.) The appellant failed to file his section 72 petition within two years of the final judgment convicting him of theft. He has not alleged that he was under a legal disability or duress or that the ground for relief has been fraudulently concealed. The appellant's petition, therefore, was not timely, and we affirm the circuit court's denial of that petition.

■■ The circuit court did have jurisdiction to modify the conditions of probation pursuant to Ill. Rev. Stat., ch. 38, sec. 1005—6—4(f). That provision, however, requires that a hearing be held before probation conditions are modified and the circuit court failed to hold such a hearing. We therefore vacate the order modifying the appellant's sentence and remand the cause with directions that a hearing be held in the

Circuit Court of Madison County to determine whether the probation conditions should be modified.

Affirmed in part, reversed in part and remanded with directions.

EBERSPACHER, P. J., and CREBS, J., concur.