THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BUNYAN CORNETT, Defendant-Appellant.

(No. 73-437;

Second District (2nd Division)—June 16, 1975.

Steven Helfer, Public Defender, of Oregon, for appellant.

Peter J. Woods, State's Attorney, of Oregon (James W. Jerz, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

On March 25, 1973, defendant was arrested for battery in violation of section 12—3 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, § 12—3), and on the following day, after waiving counsel, he pled guilty to the offense. He was sentenced to imprisonment in the county jail for 6 months and fined $500 plus costs. Mittimus was issued, and the defendant was delivered to the county sheriff to commence serving his term.

On April 23, 1973, the chief probation officer of Ogle County filed a motion to amend the order of commitment from a sentence of imprisonment to a sentence of periodic imprisonment. On July 12, 1973, the court, in a scholarly memorandum of decision, denied the motion for the reason that it lacked jurisdictional power to modify the sentence.

On July 23, 1973, the defendant filed a petition for post-conviction relief stating that his plea of guilty was involuntary in that it was entered under the impression or implied promise that he would be sentenced to periodic imprisonment. An evidentiary hearing was held, and the petition was denied. Defendant appeals from both orders.

Initially, we examine whether within 30 days of sentencing a trial court has the jurisdictional power to modify the sentence of a mis-

demeanant who has commenced serving his term. Prior to recent statutory enactments, it was the law in Illinois that when a person was convicted of a crime, sentenced, and delivered to the prison authorities, the court rendering the judgment and imposing sentence lost jurisdiction over the case and was without the power to vacate, set aside or modify the judgment. (*People ex rel. Lucey v. Turney*, 273 Ill. 546, 557 (1916); *People ex rel. Huber v. Whitman*, 277 Ill. 408, 411-12 (1917); *People v. Wakeland*, 15 Ill.2d 265, 268-69 (1958).) This rule applied with equal force to misdemeanants. *People ex rel. Brundage v. LaBuy*, 285 Ill. 141, 144 (1918).

In 1959, the legislature enacted the work release act (Ill. Rev. Stat. 1971, ch. 75, § 35 *et seq.*). In cases where the defendant was sentenced to the county jail, workhouse, or house of corrections, the act granted the court jurisdictional power to modify the sentence at any time during defendant's term, by placing him under the work release program. (Ill. Rev. Stat. 1971, ch. 75, § 35.) The act also gave the court the jurisdictional power to reduce the sentence, within limits, at any time during its execution. Ill. Rev. Stat. 1971, ch. 75, § 41.

The work release act was repealed (Ill. Rev. Stat. 1973, ch. 38, § 1008—5—1) upon adoption of the Unified Code of Corrections which became effective on January 1, 1973. (Ill. Rev. Stat. 1973, ch. 38, § 1008—6—1.) Under the Unified Code of Corrections, there are two subsections which pertain to the jurisdictional power of the trial court after sentencing. The one subsection, inapplicable to the present cause, concerns the court's jurisdictional power in instances where the defendant has been committed to periodic imprisonment. (Ill. Rev. Stat. 1973, ch. 38, § 1005—7—7.) The other subsection states:

"(d) The court may reduce or modify, but shall not increase the length of a sentence by order entered not later than 30 days from the date that sentence was imposed. This shall not enlarge the jurisdiction of the court for any other purpose." Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1(d).

Council Commentary on this subsection states:

"Subparagraph (d) provides that the court may reduce the length of sentence any time within 30 days after the sentence is imposed. *This subparagraph permits the court to reduce the sentence to* probation, conditional discharge, *periodic imprisonment*, or a fine. In accord with subparagraph (d) are Kansas Stat. Ann. § 21—4603; Federal Rules of Crim. Proc., Rule 35; Maryland Rules of Procedure § 764(b)(1); New Jersey Crim. Prac. Rules § 3:21—10; Model Sentencing Act § 11; ABA Sentencing Stan-

dards § 6.1; Model Penal Code § 7.08(2)." (Emphasis ours.) Ill. Ann. Stat. ch. 38, § 1005—8—1, at 461 (Smith-Hurd 1973).

The State maintains that subsection (d) applies only to unexecuted sentences. We have not been cited to nor has our research disclosed any Illinois case interpreting this subsection. An examination of other jurisdictions cited in the Council Commentary as being in accord with our rule, reveals that they allow the trial court to modify the sentence within the specified period even though the sentence has been executed. The advisory committee notes on the Federal rule read:

> "The second sentence has been amended to increase the time within which the court may act from 60 days to 120 days. The 60-day period is frequently too short * * * especially where a defendant has been committed to an institution at a distance from the sentencing court, * * *." U.S.C.A., Fed. R. Crim. P. 35, at 109-10 (1970 Supp.).

The Committee Note to the Maryland Rule explains:

> "In Wilson v. Warden of Md. Penitentiary, 200 Md. 652, 89 A. 2d 227 (1952), it was held that a trial court has no power to strike out or reduce a sentence imposed upon a convicted defendant after it has become enrolled. The law has been modified by the rule of the Court of Appeals which provides that * * * the court may reduce a sentence within 90 days after the sentence is imposed * * *." (Md. R. P. Ann., R. 764(b) 459. See also *Costello v. State*, 237 Md. 464, 206 A. 2d 812, 817 (1965).)

In light of these authorities and the fact that the second sentence of subparagraph (d) clearly implies that the courts' jurisdictional power has been enlarged, we find that the legislature intended to include both executed and unexecuted sentences within the ambit of the statute.

The State asserts that this provision applies only to felons, arguing that subparagraph (d) is included under the title, "Sentence of imprisonment for felony," and that no like provision is expressed under the title "Sentence of imprisonment for misdemeanor." Ill. Rev. Stat. 1973, ch. 38, § 1005—8—3.

The State's argument is similar to that raised after the legislature enacted the Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, § 122—1 et seq.). This Act, by its expressed terms, applied only to imprisoned felons and not to incarcerated misdemeanants. In *People v. Dale*, 406 Ill. 238, 246-47 (1950), the Act withstood constitutional attack from the claim that it discriminated against incarcerated misdemeanants. The holding was grounded on the fact that a distinction between minor offenses and serious crimes was a recognizable one and not an unreasonable classification. After *Dale*, the United States Supreme

Court rejected the distinction where violative of procedural rights.[1] Subsequently, our supreme court, in *People v. Warr*, 54 Ill.2d 487, 491-93 (1973), noted the United States Supreme Court cases, overruled *Dale* and, after recognizing the discriminatory features of the post-conviction act, allowed misdemeanants the right to initiate a proceeding in the nature of a post-conviction proceeding.

We find the rationale in *Warr* applicable to the instant case. There is no reasonable basis in law or in fact why subparagraph (d) should apply only to felons. In practice, the State's argument would create an arbitrary and discriminatory distinction based upon the nature of the crime and the length of sentence. Further, it would be contrary to the purposes of the Unified Code of Corrections. (Ill. Rev. Stat. 1973, ch. 38, § 1001—1—2.) We conclude that it was not the legislature's intent to deny such right to misdemeanants, and we interpret subparagraph (d) to be equally applicable to incarcerated misdemeanants. Therefore, the trial court's denial of the motion to amend defendant's order of commitment, which was filed within 30 days, is vacated.

The defendant next contends that the trial court erred in denying his post-conviction petition. He bases this argument on the claim that his plea of guilty was involuntary in that it was entered under the implied promise or impression that he would receive a sentence of periodic imprisonment. It is conceded that there was full compliance by the court with the procedural requirements of Supreme Court Rule 402 prior to the acceptance of defendant's plea of guilty. The defendant admitted at the evidentiary hearing that the "implied promise" or "impression" was only a subjective conclusion on his part, and that neither the court nor any prosecutor or police officer had contributed to this impression.

The impression arose out of defendant's familiarity with the court's practice, prior to January 1, 1973, of reducing a sentence of imprisonment to work release under the work release act. The defendant maintains that he would not have pled guilty had he known at the time of his plea that the trial court no longer had continuing jurisdiction to alter his sentence. Having found that the trial court does have continuing jurisdiction for 30 days to reduce or modify the defendant's sentence, we find that the defendant was under no misconception as to the law when he pled guilty. We, therefore, find that the trial court was correct in holding that defendant's plea of guilty was voluntary.

For the reasons stated, the order denying defendant relief under the

---

[1] See *Baldwin v. New York*, 329 U.S. 66, 26 L.Ed.2d 437, 90 S.Ct. 1886 (1970); *Groppi v. Wisconsin*, 400 U.S. 505, 27 L.Ed.2d 571, 91 S.Ct. 490 (1971); *Mayer v. Chicago*, 404 U.S. 189, 30 L.Ed.2d 372, 92 S.Ct. 410 (1971); *Argersinger v. Hamlin*, 407 U.S. 25, 32 L.Ed.2d 530, 92 S.Ct. 2006 (1972).

post-conviction petition is affirmed. The order denying defendant's motion to modify his sentence is vacated, and that portion of the case is remanded with directions for the trial court to conduct a hearing on defendant's motion.

Affirmed in part, vacated in part, and cause remanded with directions.

RECHENMACHER, P. J., and DIXON, J., concur.