THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT HENRY MERCER, Defendant-Appellant.

Third District No. 75-39

Opinion filed September 24, 1976.

Robert Agostinelli and Verlin Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

C. Brett Bode, State's Attorney, of Pekin (James E. Hinterlong and Robert M. Hansen, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

A Tazewell County grand jury indicted Robert Henry Mercer in separate counts for delivery and possession of cannabis in violation of sections 5(c) and 4(d), respectively, of the Cannabis Control Act (Ill. Rev. Stat. 1973, ch. 56½, pars. 705(c), 704(d)). As a result of plea negotiations defendant entered a plea of guilty to the delivery count, and, as agreed to

by the State, the possession count was dismissed. However no plea bargain was reached as to the sentence which the State would recommend be imposed. Defendant was sentenced to 18 months probation with the first 60 days to be served in the Tazewell County jail.

Defendant raises as the general issue for review whether the trial court committed reversible error and abused its discretion (a) by not deferring the judgment of conviction as requested by defendant and as permitted by the Cannabis Control Act (Ill. Rev. Stat. 1975, ch. 56½, par. 710); (b) by sentencing defendant to probation conditioned upon serving the first 60 days in the county jail; (c) and by refusing to make the 60 days imprisonment periodic.

The court admonished defendant of all the consequences of his guilty plea in compliance with Supreme Court Rule 402 (Ill. Rev. Stat. 1975, ch. 110A, par. 402), and then accepted his plea of guilty. The trial court, then, orally ordered that judgment on the guilty plea be entered and further ordered the circuit clerk to enter the same of record. Following the pronouncement of that oral order, the defendant's attorney requested that defendant be treated as a first time offender under section 10 of the Cannabis Control Act (Ill. Rev. Stat. 1975, ch. 56½, par. 710) and that the court defer entering a formal order of conviction until after receiving the presentence report and conducting a sentencing hearing. The court agreed to "defer final action until the sentencing hearing" as requested.

■■ Defendant did not file a verified petition for treatment as a first time drug offender. Defendant claims that the trial judge did not defer final action on the judgment of conviction as he indicated he would to defendant's attorney, and that this action indicates the court did not consider the alternative disposition of the matter by deferred prosecution. As to the latter, the record reflects that the trial judge did seriously consider the sentencing alternative provided by section 10 of the Cannabis Control Act (Ill. Rev. Stat. 1975, ch. 56½, par. 710). The trial judge specifically requested the citation to the statutory section defendant's attorney had mentioned. The court agreed to allow defendant to present his verified petition to support the oral request. The record does not, however, contain that petition. In any event and if it be considered that the trial court wrongly entered a judgment of conviction on the day of plea the trial court could have vacated the judgment of conviction previously entered and proceeded to treat defendant as a first offender any time prior to sentencing.

■■ At the conclusion of the sentencing hearing and after examining the presentence report and hearing arguments on sentencing alternatives the trial court recited in the sentencing order that the defendant's request for deferred prosecution was denied. The defendant's argument is without merit. The trial court did consider his request for treatment as a

first offender and deferred prosecution but acted within its discretion by denying the request. Regardless, this appellate court should not impose a sentence it would have considered more appropriate. *People v. Cole*, 23 Ill. App. 3d 620, 321 N.E.2d 71 (1974).

Defendant next contends that the trial court abused its discretion by imposing on defendant a term of imprisonment of 60 days in the county jail as one of the conditions of his probation. Probation is a permissible disposition for the offense to which defendant pled guilty. Defendant admits that an amendment of section 5—6—3(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—3(d)) permits imprisonment as a condition of probation after July 1, 1974, even though imprisonment was impermissible as a condition of probation at an earlier point in time. Defendant urges this court on appeal to modify his probation to remove that condition from his probation. While we generally recognize that an appellate court is justified under proper circumstances to modify a condition of probation to eliminate a period of incarceration incident to a sentence of probation, such circumstances are not presented by this record. See *People v. Cooper*, 17 Ill. App. 3d 934, 308 N.E.2d 815 (1974), *People v. Hutchins*, 127 Ill. App. 2d 296, 262 N.E.2d 258 (1970), and *People v. Haynes*, 5 Ill. App. 3d 621, 283 N.E.2d 703 (1972), as distinguishable.

■■ In the instant case the trial court considered defendant's background, as presented in the presentence report, and the seriousness of the Class 4 felony to which he pled guilty. The possible sentence for this crime was from 1 to 3 years' imprisonment. Defendant received considerably less than the authorized maximum. The sentence imposed was not excessive nor was it an abuse of the trial court's discretion.

■■ Defendant complains that the 60-day period of incarceration is in direct conflict with the additional condition of his probation that he continue his welding course and G.E.D. educational courses. The record indicates the trial court was fully aware of the possible interference that the 60-day incarceration would have upon defendant's continuing his course of study. For the record the trial court stated as one of the conditions of probation, "If you are able to do it, the Court directs that to the extent the program is available and you are able to complete it that you continue your education with the C.E.T.A. program and pursue your general education courses toward your G.E.D. diploma. Further, that you continue in the youth outreach program [with] which I understand you are familiar." When asked about the consequences of the 60-day jail term on defendant's continuing with his education the trial court responded, "I presume it will be interrupted," and that he presumed a summer program existed which defendant could work out with the school. The authority of a reviewing court to reduce sentences should be exercised with

considerable caution and circumspection. An appellate court should not disturb the imposition of a sentence unless it clearly appears that the penalty constitutes a great departure from the fundamental law, its spirit and purpose. (*People v. Taylor*, 33 Ill. 2d 417, 211 N.E.2d 673 (1965).) From the record it does not appear that the trial court erred or that defendant's sentence was excessive.

██ Defendant's further claim of error that the trial court arbitrarily denied his request that the 60-day period of imprisonment be modified to a similar term of periodic imprisonment so as to not interfere with defendant's attending further schooling is equally groundless. Defendant's request came after the court had orally announced the sentence in open court. Although the trial court had the authority at that time to so modify the sentence imposed, it was not an abuse of discretion to refuse to do so. Nothing indicates that the trial court was unaware of the sentencing alternative of periodic imprisonment, and to the contrary, we must assume the trial court considered that sentencing alternative and rationally decided within a proper exercise of sentencing discretion against it.

For the foregoing reasons the judgment of the Circuit Court of Tazewell County is affirmed.

Affirmed.

ALLOY, P. J., and STENGEL, J., concur.