THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
SUE WILSON, Defendant-Appellant.

Fourth District   No. 13933

Opinion filed April 7, 1977.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's
Office, of Springfield, for appellant.

Richard J. Doyle, State's Attorney, of Danville (Robert C. Perry and Jeffrey B.
Levens, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant was convicted upon jury verdict of the offense of unlawful
delivery of a controlled substance, one-tenth of one gram of MDA (Ill.
Rev. Stat. 1975, ch. 56½, par. 1401(c)), and sentenced to imprisonment for
not less than one year nor more than three years.

The issue upon appeal is whether or not there was an abuse of
discretion in the sentence imposed.

At the time of the sale in evidence defendant, aged 17 years, was 8½
months pregnant, unmarried and living with a male, aged 17 years. She
was arrested about one month after the birth of the child. The transaction
followed the frequent routine of an undercover agent introducing a
special agent to defendant at her apartment. The latter solicited and
purchased the controlled substance for which he paid $30.

At the sentence hearing, appointed counsel urged that the sentence be
probation upon conditions which the court might impose.

The presentence report disclosed that defendant had dropped out of

school at the age of 17, but at the time of the offense was being tutored in special education. Her employment after leaving school, was minimal and she was receiving public aid. Defendant had been convicted of a curfew violation, and while on bond for this offense convicted of disorderly conduct. The prognosis in the report for community rehabilitation was regarded as poor.

The record discloses colloquy by the court upon imposing sentence which requires us to examine the principle stated in *People v. Bolyard* (1975), 61 Ill. 2d 583, 338 N.E.2d 168. There, in sentencing a defendant convicted of indecent liberties with a child, the court's colloquy in substance stated the judge's views concerning a former judicial practice whereby persons convicted of that offense would not be granted probation, and that he subscribed to such view.

The supreme court concluded that the trial judge had expressed an opinion that perpetrators of that particular crime should not receive probation and that:

"Under these circumstances we find, as the record affirmatively shows, that the trial judge arbitrarily denied probation because defendant fell within the trial judge's category of disfavored offenders. Accordingly, defendant is entitled to a new hearing to determine his sentence based upon the consideration of proper factors."

Here, the court in sentencing, stated:

"If we granted first offenders in the traffic of drugs probation, there would be a sizeable amount of drugs in the community before anyone ever got sent to the penitentiary. Obviously, following that logic, the court would be doing nothing in an attempt to stop the flow of illegal drugs in the community, which could be obtained by children * * *."

The statutory standards (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—1) provide that in imposing a sentence of imprisonment, the court should ascertain that (1) imprisonment is necessary for the protection of the public; or (2) the offender is in need of correctional treatment that can most effectively be provided by a sentence to imprisonment, or (3) probation or conditional discharge would deprecate seriousness of the offender's conduct and would be inconsistent with the ends of justice.

In adopting the Controlled Substances Act (ch. 56½, par. 1100), the legislature described its intent among other things as being to deter the unlawful and destructive abuse of controlled substances and to penalize most heavily the illicit traffickers and profiteers of controlled substances, who propagate and perpetuate the abuse of such substances with reckless disregard for its consumptive consequences upon every element of society, but continued that it was not the intent of the legislature: "to treat

the unlawful user or occasional petty distributor of controlled substances with the same severity as the large-scale, unlawful purveyors and traffickers of controlled substances. * * *"

To this end, the legislature stated that it had provided wide latitude in sentencing discretion to enable the imposing of penalties "in each case which are appropriate for the purposes of this Act."

The colloquy noted discloses a view or policy which would make it virtually certain that no offender would be granted probation for the violation of the statute at issue, and would to a substantial extent, thwart the legislative purpose of providing a wide range of sentence possibilities. Within the rule of *Bolyard*, it may be said that the denial of probation was an arbitrary exercise of judicial discretion in this case.

The conviction is affirmed, the sentence is reversed and the cause remanded to the circuit court with directions for resentencing by a judge other than the trial judge under the provisions of section 5—5—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—5—3(d)).

Affirmed in part, reversed in part and remanded with directions.

GREEN, P. J., and MILLS, J., concur.