THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JIMMIE R. JOHNSON, Defendant-Appellant.

Second District   No. 77-334

Opinion filed September 12, 1978.

Russell L. Willis, Jr., of Rochelle, for appellant.

Peter J. Woods, State's Attorney, of Oregon (Chester R. Chostner, Jr., Assistant State's Attorney, and Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BOYLE delivered the opinion of the court:

Following a jury trial in Ogle County, the defendant, Jimmie R. Johnson, was found guilty of operating an automobile while his license was revoked in violation of section 6—303 of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 6—303). The defendant was sentenced to six months' periodic imprisonment in the Ogle County jail, such sentence to be served every day unless the defendant was working.

On appeal the defendant contends that the trial court erred in admitting a certain exhibit, that he was not proved guilty beyond a reasonable doubt, and that his sentence was excessive.

The following events were testified to at trial:

At 12:30 a.m. on August 24, 1976, Sergeant Darrell Cash of the Ogle County sheriff's department was proceeding east on Route 64 and was at the intersection of River Road. At this time, a 1975 two-door Chevrolet pulled out of River Road onto Route 64 in front of Sergeant Cash, which caused him to quickly apply his brakes in order to avoid an accident. After following this automobile for a brief period, Sergeant Cash stopped this car because of the above traffic violation. At this time, the defendant driver switched seats with his passenger, but Sergeant Cash easily ascertained that the defendant was the driver of this automobile. After a check with the Secretary of State's Driver's License Division to ascertain the status of defendant's license, Sergeant Cash placed the defendant under arrest.

At trial, the State introduced People's Group Exhibit No. 1, hereinafter

the exhibit, which were copies of three documents from the Illinois Secretary of State's office. Included in the above was an "Order of Revocation" signed and sealed by the Illinois Secretary of State, which provided in pertinent part as follows:

### "ORDER OF REVOCATION

|  |  |  | M. | Day | Yr. |
|---|---|---|---|---|---|
| Jimmie R. Johnson | 05-02-38 | Date of Revocation | 02 | 06 | 75 |
| 645 South 1st Street |  | License Number | J525-4363-8126 | | |
| Rochelle 61068 | 071 | Date of Conviction | 12 | 09 | 74 |
| J525-4363-8126 | 02-20-75 | Authority: Section | 6—205(a)2 | | |

*Illinois Vehicle Code*

Pursuant to the requirements of Section 6—204 of the Illinois Vehicle Code, a report has been received in my office of the conviction of the person named herein of the offense of operating a motor vehicle while under the influence of intoxicating liquor.

Therefore, IT IS HEREBY ORDERED that any and all Illinois drivers licenses or permits issued to such person, the privilege of obtaining a license as well as the privilege of operating a motor vehicle in this State, be and are hereby REVOKED, effective this date, as provided under the authority herein indicated."

Another of these documents was a certified document from the Illinois Secretary of State's office which provided:

"* * * that all statutory notices required of any driver control action taken have been properly given. I FURTHER CERTIFY Jimmie R. Johnson, File No. J525-4363-8126, did not have a valid license August 24, 1976."

●■ ■ Defendant initially contends that this exhibit was inadmissible because: (1) it was irrelevant; (2) it was not statutorily admissible under section 6—118(f) of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 6—118(f)); and (3) it was not admissible as a business record under section 115—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 115—5). Defendant's argument that the aforementioned exhibit from the Illinois Secretary of State's office was not admissible is without merit for the following reasons. First, the exhibit was clearly relevant because it addressed the very reason that the defendant did not have a license at the time of his arrest—because his license had been revoked. Second, the fact of defendant's revocation of his operator's license is an essential element of the offense of operating a motor vehicle while and after the revocation of the operator's license which the prosecution must prove in its *prima facie* case (*People v. Osborn* (1966), 78 Ill. App. 2d 132, 223 N.E.2d 243), and this exhibit from the Illinois

Secretary of State's office is *prima facie* evidence "that the person named in such information or warrant is the same person as the person named in" the exhibit (Ill. Rev. Stat. 1975, ch. 95½, par. 6—118(f)). Third, this exhibit was also properly admitted under the business record exception to the hearsay rule (Ill. Rev. Stat. 1975, ch. 38, par. 115—5) because it was prepared by a public official in the ordinary course of business and it was routinely issued at the request of law enforcement agencies.

■■ Defendant next contends that the admission of the order or revocation contained in the exhibit was extremely prejudicial and should not have been admitted because it disclosed to the jury on its face that his license had been revoked for his prior conviction of the offense of operating a motor vehicle while under the influence of intoxicating liquor. The question of whether the trial court erroneously admitted the order of revocation from the Secretary of State which disclosed on its face the defendant's prior conviction of driving while intoxicated has been previously determined by this court in *People v. White* (1960), 24 Ill. App. 2d 324, 164 N.E.2d 823. In *White,* the court stated that where the Secretary of State has maintained a record of defendant's previous conviction of driving while intoxicated and the fact that his driver's license had been revoked

> "* * * a certified copy of these records maintained by the Secretary of State pursuant to statutory mandate under his signature and seal were properly admitted in evidence. The trial court did not commit reversible error in admitting these records in evidence." (24 Ill. App. 2d 324, 333, 164 N.E.2d 823, 827.)

Additionally, in *People v. Osborne* (1966), 78 Ill. App. 2d 132, the court held that the order of the Secretary of State suspending the defendant's operator's license for a period of three months as a result of defendant's conviction of three moving violations within a 12-month period and a copy of notice of suspension sent to defendant were properly admitted into evidence in a prosecution for operating a motor vehicle while his license was suspended. In *Osborne,* the court, after a consideration of the nature of the offense of operating a motor vehicle while and after his privilege had been suspended, noted that:

> "The offense charged is not merely the driving of a motor vehicle in the absence of a license to do so but the driving of such a vehicle while and after such license has been suspended. The fact of suspension is one of the essential elements of the offense as charged and must be proved by the People. It is a matter of common knowledge that suspension of a license to operate a motor vehicle must depend upon previous misconduct in the operation of a motor vehicle and we are not prepared to hold that spelling out the details of such previous misconduct in the proof of suspension

should in and of itself constitute reversible error." (78 Ill. App. 2d 132, 136, 223 N.E.2d 243, 246.)

Similarly, in the instant case, the defendant is charged with operating a motor vehicle while his license was revoked, and the fact of revocation is one of the essential elements and must accordingly be proved by the State. In addition, we believe, as did the *Osborne* court in dealing with the suspension of a driver's license, that it is common knowledge that the revocation of a license to operate a motor vehicle must necessarily depend upon previous misconduct in the operation of a motor vehicle, and the inclusion of such details of previous misconduct in the proof of revocation does not by itself constitute reversible error.

█ We have also considered defendant's citations and arguments and find them to be distinguishable from our factual situation. In particular, *People v. Archibald* (1972), 3 Ill. App. 3d 591, 279 N.E.2d 84, is inapplicable because the Secretary of State's certificate which was found to be erroneously admitted therein, contained evidence of *11* entries affecting the defendant's driving privileges over a period of years; whereas, in our case there is only one entry and this order of revocation specifically states that the defendant's license was revoked for driving while intoxicated and this notation is particularly applicable to the charge at issue—the offense of operating a motor vehicle after the revocation of driving privileges. Similarly, *People v. O'Connell* (1974), 24 Ill. App. 3d 792, 321 N.E.2d 535, cited by the defendant, is not precisely on point. In *O'Connell*, this court stated that the State's submission into evidence of a copy of a driving abstract which showed prior and various offenses is a practice to be discouraged and in a jury trial such a practice would be grounds for reversal. In *O'Connell*, the Secretary of State's certificate contained evidence that the defendant had *two* prior convictions for driving while his license was suspended and both of these convictions were *unrelated* to the offense of which the defendant was charged. Herein, the Secretary of State's order of revocation contains only one reference to a prior conviction which is pertinent to the actual charge at issue against the defendant. In addition, the Secretary of State's order of revocation does not merely recite the defendant's prior convictions for traffic offenses as in *Archibald* and *O'Connell*. On the contrary, the order of revocation contains only a reference to the offense for which the precise revocation was made, namely, the language at the end of the first paragraph of the body of the document, specifically:

"* * * the conviction of the person named herein of the offense of operating a motor vehicle while under the influence of intoxicating liquor."

Without this quoted phrase, the order of revocation would be vague, indefinite and highly questionable, and its inclusion was required.

Obviously, this is not a recital of a prior, unrelated offense or record within the scope and purpose of *O'Connell.* Thus, we find that the trial court's admission of the Secretary of State's order of revocation which contained reference to a prior conviction was not erroneous and did not unduly prejudice the defendant's right to a fair and impartial jury trial.

Defendant next contends that he was not proved guilty beyond a reasonable doubt. We disagree.

■ The elements of the offense of operating a motor vehicle after the revocation of driving privileges are the act of driving a motor vehicle on the highways of Illinois and the fact of revocation of a driver's license or privilege. (*People v. Turner* (1976), 64 Ill. 2d 183, 354 N.E.2d 897.) In this case, it is undisputed that the defendant was driving this automobile, but the defense contends that the admission of People's Group Exhibit No. 1 does not establish the defendant's guilt beyond a reasonable doubt. However, our review of this exhibit and the relevant testimony at trial conclusively establishes that the defendant was proved guilty beyond a reasonable doubt of driving an automobile on August 24, 1976, at a time when he did not have a valid driver's license. *People v. Wallace* (1973), 9 Ill. App. 3d 129, 291 N.E.2d 657.

● 6 We have examined the defendant's final contention concerning the excessiveness of his sentence and find that the trial court clearly did not abuse its discretion in imposing sentence, especially in light of the regularity of the defendant's prior convictions for offenses ranging from battery, burglary, disorderly conduct and numerous traffic violations.

The decision of the circuit court of Ogle County is affirmed.

Judgment affirmed.

GUILD and WOODWARD, JJ., concur.