(No. 51374.-▮▮▮▮▮)

THE PEOPLE *ex rel.* BERNARD CAREY, State's Attorney, Petitioner, v. ALLEN ROSIN, Judge, *et al.,* Respondents.

*Opinion filed March 20, 1979.*

152

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Francis X. Speh, Jr., and Lee T. Hettinger, Assistant State's Attorneys, of counsel), for the People.

Birnbaum & Birnbaum, of Chicago (Steven M. Levin, of counsel), for respondent.

MR. JUSTICE CLARK delivered the opinion of the court:

This case involves the power of the circuit court to reduce or modify a misdemeanant's sentence of imprisonment in a proceeding begun more than 30 days from the date on which that sentence originally was pronounced and entered of record, where, in the interim, execution of that sentence had been stayed pending appeal. We hold that the circuit court was without power to reduce or modify its earlier sentence in this case, and, accordingly, we issue a writ of *mandamus* commanding the circuit court to vacate and expunge its order modifying defendant's sentence, and to issue the *mittimus* for the execution of its original sentence.

On February 23, 1977, following a bench trial in the circuit court of Cook County, the defendant-respondent, Julio Cesar Velasco, was convicted of one count of obstructing a police officer in violation of section 31—1 of the Criminal Code of 1961, as amended (Ill. Rev. Stat. 1975, ch. 38, par. 31—1), a Class A misdemeanor. On that same date, the court sentenced the defendant to 60 days in the House of Corrections, but stayed execution of that

sentence pending Velasco's appeal to the Appellate Court, First District.

However, finding no appealable issues, Velasco's counsel, the public defender of Cook County, subsequently filed a motion for leave to withdraw as appellate counsel, pursuant to *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396. Velasco then retained substitute counsel, who failed to prosecute the appeal, whereupon, by an order entered June 19, 1978, the appellate court dismissed the appeal for want of prosecution. The circuit court received the mandate of the appellate court on August 17, 1978, on which date the defendant moved to transfer the case to the judge who had tried and sentenced him, to give that judge an opportunity to reconsider defendant's sentence.

The motion was granted, and on September 25, 1978, following a hearing, the sentencing judge ruled that, upon remand from the appellate court, the circuit court reacquired jurisdiction to modify an unexecuted misdemeanor sentence on grounds neither raised in, nor addressed by, the appellate court. Accordingly, after hearing additional evidence regarding the defendant's postconviction behavior, the court modified defendant's sentence to one year's probation, conditioned upon the first four days being served in the House of Corrections, but against which four days already served were to be credited. Thus, rather than serving 60 days in the House of Corrections as required by his original sentence, the defendant would remain at liberty on probation. The State's Attorney of Cook County thereupon brought this *mandamus* action seeking to reverse the respondent sentencing judge's modification of the respondent-defendant's sentence, there being no provision for the State to appeal the judge's decision through normal appellate channels.

The key statutory provision in question is section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev.

Stat., 1977 Supp., ch. 38, par. 1005—8—1(c)). The immediate predecessor of section 5—8—1(c) was enumerated 5—8—1(d) (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1(d)). Under Public Act 80—1099, section 5—8—1(d) was reclassified as section 5—8—1(c) (1977 Ill. Laws 3264, 3309), but its language remains unchanged in all ways material to this case.

Because defendant was sentenced prior to the effective date of Public Act 80—1099 (February 1, 1978), he could not elect to be sentenced under the Code as amended by Public Act 80—1099, even though his case was still pending on appeal on the effective date of the Act (Ill. Rev. Stat., 1977 Supp., ch. 38, par. 1008—2—4(b)).

To the extent that Public Act 80—1099 provided an additional remedy to persons after sentencing, however, that remedy presumptively would be available to persons upon whom sentences already had been imposed as of the effective date (see *People ex rel. Kubala v. Kinney* (1962), 25 Ill. 2d 491, 494-95 (parole)), though any sentence thereby modified or reduced must conform to the Code as it stood prior to Public Act 80—1099. To the extent that the amendatory act extended the period of limitations for assertion of a right, the act would not operate to revive a previously barred claim. (See, *e.g., People v. Thomas* (1970), 45 Ill. 2d 68, 72-73 (Post-Conviction Hearing Act).) Thus the statute we first construe is section 5—8—1(c). The predecessor of section 5—8—1(c) has been construed by the appellate court to be applicable to misdemeanants. (*People v. Cornett* (1975), 29 Ill. App. 3d 244, 247.) When the General Assembly reenacted this provision without expressing a contrary view, "it is generally concluded that the legislature intended to adopt the prior construction given to these terms." (*Hupp v. Gray* (1978), 73 Ill. 2d 78, 86.) Thus, we hold that section 5—8—1(c) is available to a misdemeanant serving a sentence of imprisonment.

The time within which the court may modify a sentence pursuant to section 5–8–1(c) and its predecessor runs from the date on which that sentence was "imposed." Respondent Velasco claims that, in this context, "imposed" must mean "executed," and that a stay of execution of a sentence therefore also tolls the running of the period for its modification. We disagree.

The imposition of sentence is referred to several times throughout the Unified Code of Corrections. In no instance we have found does the imposition of sentence refer to the execution of sentence. Rather, for example, section 5–4–1(a) provides that "a hearing shall be held to impose the sentence" (Ill. Rev. Stat., 1977 Supp., ch. 38, par. 1005–4–1(a)); section 5–5–3.2 refers to factors to be considered in "imposing" a term of imprisonment (Ill. Rev. Stat., 1977 Supp., ch. 38, par. 1005–5–3.2). We therefore hold that the date on which the sentence is "imposed" for purposes of section 5–8–1(c) is the date on which the defendant is sentenced. Although the council commentary to section 5–8–1(c)'s predecessors suggests that the provision is "[i]n accord" with provisions in other jurisdictions (Ill. Ann. Stat., ch. 38, par. 1005–8–1(d), Council Commentary, at 461 (Smith-Hurd 1973)), such as Rule 35 of the Federal Rules of Criminal Procedure, which do provide an extended period of time for modification of a sentence after an appeal, even a cursory look at those provisions reveals drastic differences in language, differences which we find considerably more persuasive than the vague language of the council commentary.

Finally, although defendant did not treat his plea below as a proceeding in the nature of a post-conviction proceeding pursuant to *People v. Warr* (1973), 54 Ill. 2d 487, or as a petition pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72), we deem it appropriate to consider these theories now advanced in support of the sentencing judge's action,

before commanding him to vacate his order. Neither theory supports the decision below, however. Section 72 is not available to attack a judgment on the grounds that evidence which did not even exist at the time of that judgment (*i.e.*, defendant's post-conviction behavior) should have been presented. Similarly, since defendant's claim in the nature of a post-conviction proceeding (alleging ineffective assistance of counsel) is based upon his counsel's failure to present those same facts (defendant's post-conviction behavior) to the sentencing judge, this theory too must fail. The effective assistance of counsel does not include the ability to foretell the future.

The trial court therefore was without power to enter the order it did reducing defendant's sentence, and in light of the unavailability of normal appellate channels to review the trial court's action, as well as the importance of the question to the administration of criminal justice in this State, we hold that *mandamus* is an appropriate remedy to compel the trial court to withdraw the unlawful modification of defendant's original sentence. We further hold that by seeking such modification in the trial court the defendant has waived any claim that vacating said modification would subject him to "double jeopardy."

For the foregoing reasons, we award a writ of *mandamus* commanding the Honorable Allen Rosin, judge of the circuit court of Cook County, to vacate and expunge his prior order modifying respondent Velasco's sentence, and further commanding the issuance forthwith of a *mittimus* for the incarceration of respondent Velasco.

*Writ awarded.*