THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
HELEN DUGGE SHOOK, Defendant-Appellant.

Fifth District   No. 79-162

Opinion filed June 30, 1980.—Supplemental opinion filed on denial of rehearing
July 28, 1980.

HARRISON, J., dissenting.

John H. Reid and E. William Hutton, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (William S. Zale and Stephen J. Maassen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mme JUSTICE SPOMER delivered the opinion of the court:

The defendant, Helen Dugge Shook, was charged by information with the offense of felony theft by deception. After a bench trial, she was found guilty. She was sentenced to two years' probation, with the conditions that she receive psychological counseling, seek treatment for alcoholism, seek and maintain employment, make restitution, pay costs, and serve the last 60 days of the probation term in the county jail subject to the court's review. Defendant appeals from the condition that she serve the 60-day jail term.

The evidence presented at trial reveals that the defendant reported that she had failed to receive her public aid check in May 1978. The same day she made her report, her check was cashed. A few days later, a replacement check was issued, which defendant cashed. Subsequently, the defendant executed an affidavit of forgery, stating the signature on the first check was not hers. Later a document examiner reported that the questioned signature on the first check was written by the defendant. She was arrested and convicted of felony theft by deception.

At the trial, defendant testified that at the time of the offense she was suffering from severe nervous problems and a drinking problem. In April 1978, just before the offense occurred, defendant was hospitalized for treatment of drug and alcohol abuse. She continued treatment after her release. During June 1978, defendant's drug and alcohol abuse became so severe that she was unable to care for her daughter, so the daughter was removed from her home. In July 1978, defendant was married, which apparently helped her to gain some stability. On August 22, 1978, the daughter was returned to defendant under an "Order for Continuance Under Supervision" in Jersey County.

At the sentencing hearing on March 14, 1979, no evidence was presented in aggravation or mitigation. The court noted defendant's drinking problems and the treatment she had received, and that defendant's problems were being alleviated. After the judge then imposed a two-year period of probation, the following colloquy occurred between the judge and defendant's attorney:

"THE COURT: * * It will be a further provision that you

spend sixty days in the Madison County Jail at the end of your probationary period, and that will be subject to review by the Court.

\* \* \*

MR. FISCHER: Your Honor, may I ask one question? The sixty-day term in the Madison County Jail at the end of the two years subject to—

THE COURT: —the Court's review.

MR. FISCHER: —the Court's review. It is my understanding that that could be vacated upon a very satisfactory compliance with the—

THE COURT: Yes. What generally happens on those is that when the sixty-day time comes up, the probation officer will file a petition for the Court to waive that provision on the basis that the defendant has complied with the conditions of probation and has satisfactorily completed probation or is in the process of so doing. And the Court then customarily would waive the sixty-day time at that time."

On appeal defendant contends that the sentence of imprisonment to be served during the last 60 days of a two-year probation period "subject to review by the Court" is both excessive and improper. She argues that the trial court lacked jurisdiction to modify the sentence after the expiration of 30 days from date of its imposition.

The State counters that the 60-day sentence is nothing more than periodic imprisonment[1] and in fact, at oral argument, conceded that the jail term—if justifiable—must be justified as such. It contends that if the sentence is construed as periodic imprisonment, it is a proper condition of probation (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—6—3(b)(1), which can be modified at any time (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—6—4(f)). Further, that as periodic imprisonment, the trial judge has the power to modify or revoke it throughout its duration (Ill. Rev. Stat., 1977 Supp., ch. 38, par. 1005—7—2). We find no quarrel with the proposition that if a sentence can be construed as periodic imprisonment, the trial court, under section 5—7—2 of the Unified Code of Corrections, has the power to modify it throughout the period of imprisonment. However, if it is not periodic imprisonment, the court's power to reduce or modify it is limited to the period within 30 days after sentence is imposed (Ill. Rev. Stat., 1977 Supp., ch. 38, par. 1005—8—1(c)).

■■ We believe the 60-day term imposed in the case at bar was neither

---

[1] Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—7—1:

"(a) A sentence of periodic imprisonment is a sentence of imprisonment during which the committed person may be released for periods of time during the day or night or for periods of days, or both."

intended as periodic imprisonment nor logically can be construed as such. The trial court sentenced defendant to a specific 60-day term in the county jail, which it did not designate as periodic imprisonment. Nor does the record disclose any intention of the judge that this term would be served periodically, either for any of the reasons set forth in the statute—permitting defendant to seek employment, work, conduct a business, attend to family needs, attend an educational institution, obtain medical or psychological treatment—or for any other purpose.

The cases cited by the State are distinguishable on their facts, and all are clearly cases of periodic imprisonment. In *People v. Hajostek* (1977), 49 Ill. App. 3d 148, 363 N.E.2d 1208, in imposing the maximum allowable term of probation, conditioned on service of four months' imprisonment with the following eight months' imprisonment on weekends only, the court stated, page 50:

> "In our view the total imprisonment, during the first year, upon which defendant's probation is conditioned, is a sentence of periodic imprisonment. The trial court clearly has the authority to order the particular times of release under a sentence of periodic imprisonment. In the instant case the ordered times of release commence after a period of four months and continue for the remainder of the year on week-days. We conclude that the sentence imposed was within the proper authority of the trial court."

In *People v. Johnson* (1978), 64 Ill. App. 3d 377, 380 N.E.2d 1095, the sentencing court specifically designated the term as periodic imprisonment, to be served every day defendant was not working, and in *People v. Vettese* (1978), 61 Ill. App. 3d 279, 377 N.E.2d 1168, the court sentenced defendant to five years' probation with 210 days specifically designated as periodic imprisonment.

Although our research reveals no case in which the period of imprisonment was attached to the end of the probation period, as here, there are cases in Illinois where it preceded that period, and in none of them was the imprisonment construed as periodic. *People v. Walls* (1974), 18 Ill. App. 3d 1075, 311 N.E.2d 202; *People v. Cortes* (1974), 18 Ill. App. 3d 952, 310 N.E.2d 690; *People v. Manns* (1974), 18 Ill. App. 3d 611, 310 N.E.2d 411.

■■ Furthermore, it would be illogical to assume—from a reading of the statute authorizing a trial judge to modify or revoke a sentence of periodic imprisonment—that the imprisonment imposed in the case at bar is periodic. Section 5—7—2 (Ill. Rev. Stat., 1977 Supp., ch. 38, par. 1005—7—2) provides in pertinent part as follows:

> "(a) A sentence of periodic imprisonment may be modified or revoked by the court if:

(1) the offender commits another offense; or

(2) the offender violates any of the conditions of the sentence; or

(3) the offender violates any rule or regulation of the institution, agency or Department to which he has been committed."

We think it is clear that this provision is inapplicable to the present case, and does not confer jurisdiction on the trial court to revoke the jail sentence upon defendant's successful completion of probation some 22 months after judgment is entered, as the State contends. Rather, its purpose is to authorize the trial court to revoke a periodic imprisonment sentence where the offender has been guilty of *misconduct* while on probation.

Other than the subsection above quoted—which we find inapplicable to this case—the Unified Code of Corrections contains only one other provision which pertains to the jurisdictional power of the trial court after sentencing. It provides:

"The trial court may reduce or modify a sentence, but shall not increase the length thereof by order entered not later than 30 days from the date that sentence was imposed. This shall not enlarge the jurisdiction of the court for any other purpose." Ill. Rev. Stat., 1977 Supp., ch. 38, par. 1005—8—1(c).

■■ In construing this statute in the recent case of *People ex rel. Carey v. Collins* (1980), 81 Ill. 2d 118, 405 N.E.2d 774, the supreme court concluded that defendant's motion for reduction of sentence was not timely made and the circuit court had no jurisdiction to entertain it, where it was made more than 30 days after the initial sentencing. (See also *People ex rel. Carey v. Rosin* (1979), 75 Ill. 2d 151, 387 N.E.2d 692; *People v. Cornett* (1975), 29 Ill. App. 3d 244, 329 N.E.2d 922; Ill. Ann. Stat., ch. 38, former par. 1005—8—1(d) (now par. 1005—8—1(c)), Council Commentary, at 461 (Smith-Hurd 1977).) The court in *Collins* noted that the only exception to this rule is in the instance of periodic imprisonment where pursuant to authority granted by section 5—7—7 of the Code (Ill. Rev. Stat. 1977, ch. 38, par. 1005—7—7), the trial court retains jurisdiction to reduce sentence during the term of commitment. This section provides:

"The court which committed the offender to periodic imprisonment shall retain jurisdiction over him during the term of commitment and may order a diminution of the term if his conduct, diligence and general attitude merit such diminution."

Any other construction would ignore the clear intent of the legislature. We therefore hold that the circuit court was without power to reduce or modify its earlier 60-day sentence in any proceeding begun more than 30

days from the date on which the sentence originally was pronounced, March 14, 1979. Thus, it would be legally impossible for the trial court to review or waive the jail sentence at or near the end of defendant's 22 months' probation, and that part of the judgment herein which imposes imprisonment on such terms cannot stand.

■■ Furthermore, there is an additional reason which necessitates vacation of the jail sentence. The Unified Code of Corrections specifically provides for a period of probation as a possible sentencing alternative for the crime with which defendant was charged. (Ill. Rev. Stat., 1977 Supp., ch. 38, par. 1005—5—3(b).) It also requires the trial court to hear arguments as to sentencing alternatives at the sentencing hearing (Ill. Rev. Stat., 1977 Supp., ch. 38, par. 1005—4—1(a)(4)), and enumerates the factors which the judge shall consider in imposing either imprisonment or probation. (Ill. Rev. Stat., 1977 Supp., ch. 38, par. 1005—6—1.) In every criminal case, the penalty imposed must be determined on an individual basis. (*People ex rel. Ward v. Moran* (1973), 54 Ill. 2d 552, 301 N.E.2d 300.) In the case at bar the record contains no evidence in mitigation or aggravation, and it is devoid of any statement by the court as to the reasons for its decision. Whether or not the trial court considered the statutory factors in arriving at its judgment cannot be ascertained. As previously noted, the judge did state "[w]hat *generally* happens on those, the probation officer will file a petition for the Court to waive that provision * * * and the Court then *customarily* would waive the sixty-day time at that time." (Emphasis ours.) Therefore, it appears from the judge's statement that he relied to some extent on a custom or practice which does not appear of record, and which might preclude his full consideration of all the sentencing alternatives, including probation without imprisonment. While our courts have consistently held that the question of granting probation is within the discretion of the trial court (*People ex rel. Ward v. Moran* (1973), 54 Ill. 2d 552, 301 N.E.2d 300; *People v. Bolyard* (1975), 61 Ill. 2d 583, 338 N.E.2d 168), the court must exercise its discretion free from any pre-established custom whose application would arbitrarily require imposition of a jail sentence, rather than or in addition to probation. (See *People v. Bolyard* (1975), 61 Ill. 2d 583, 338 N.E.2d 168; *People v. Wilson* (1977), 47 Ill. App. 3d 220, 361 N.E.2d 1155; *People v. Honn* (1977), 47 Ill. App. 3d 378, 362 N.E.2d 90.) This we find the trial court failed to do.

For the reasons set forth, the judgment of conviction and sentence of two years' probation is affirmed, and that part of the sentence imposing a 60-day term of imprisonment is vacated.

Vacated in part and affirmed in part.

KARNS, J., concurs.

Mr. JUSTICE HARRISON, dissenting:

I respectfully dissent.

The majority approaches this case from a jurisdictional perspective and holds that the trial court would be without authority to reduce or modify the 60-day jail sentence at the end of the two-year probationary term since such a proceeding would not be initiated within 30 days after the sentence was imposed. (See Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—1(c).) Finding the sentence to be of a nature other than periodic imprisonment and therefore not subject to modification as such under section 5—7—2 of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—7—2), the majority vacates the 60-day jail sentence. Such a holding is erroneous.

The court correctly demonstrates that the 60-day sentence is not periodic imprisonment within the terms of section 5—7—1 of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—7—1). However, section 5—6—3 of the Unified Code of Corrections in force at the time of appellant's sentencing hearing authorized the trial court to impose as a condition of probation a period of imprisonment:

"The court shall not require as a condition of the sentence of probation or conditional discharge that the offender be committed to a period of imprisonment in excess of 3 months.

Persons committed to imprisonment as a condition of probation or conditional discharge shall not be committed to the Department of Corrections." (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—6—3(d).)

This statute clearly authorizes the trial court to impose a straight term of imprisonment as a condition of probation. (*People v. Hanson* (1977), 44 Ill. App. 3d 977, 986-87, 359 N.E.2d 188; *People v. Gonzalez* (1976), 43 Ill. App. 3d 838, 843, 357 N.E.2d 616; *People v. Mercer* (1976), 41 Ill. App. 3d 1051, 1054, 355 N.E.2d 234.) That is what occurred in this case.

Moreover, the majority is in error when it states that the circuit court would be without authority to modify or reduce the 60-day jail sentence in any proceeding initiated more than 30 days after sentence was first imposed. As a condition of probation, the jail term was subject to section 5—6—4(f) of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—6—4(f)):

"(f) The conditions of probation, of conditional discharge and of supervision may be modified by the court on motion of the probation officer or on its own motion or at the request of the offender after notice to the defendant and a hearing."

Thus, not only was the jail term a proper condition of probation, but it was subject to review by the trial court at any time on its own motion.

Therefore, giving due deference as we should to the trial court in the area of sentencing, I find nothing improper in the sentence as imposed.

Since I would affirm the judgment of the circuit court, I respectfully dissent.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mme JUSTICE SPOMER delivered the opinion of the court:

In its petition for rehearing the State says:

"The People did not concede that the instant sentence could be justified, if at all, only as periodic imprisonment. The People offered alternative theories of justification, either periodic imprisonment or ordinary imprisonment as a condition of probation."

Nowhere in its written brief did the State raise such alternative theories. It stated one issue only:

"The trial court properly acted within its powers in sentencing defendant to two years' probation, with the condition of sixty days' *periodic imprisonment* at the end of the two years." (Emphasis added.)

Furthermore, it argued in the brief that "the court was entitled to impose *periodic imprisonment* as a condition of imprisonment" and that "it is apparent that the instant sentence is nothing more than a sentence of probation, with *periodic imprisonment* a condition of that probation." (Emphasis added.)

■■ While we have some reservations concerning the State's interpretation of statements made at oral argument, we nevertheless choose to clarify the position of the majority on this issue. We hold that the 60-day sentence imposed in this case cannot be justified either as periodic imprisonment or imprisonment as a condition of probation for the reasons stated in the opinion. Assuming *arguendo* that the sentence were one of ordinary imprisonment as a condition of probation and the trial court had jurisdiction to modify it after the 30-day period elapsed, it would be legally improper to require such imprisonment at the *end* of the probation period. How can the rehabilitation of a repentant offender be accomplished if after a period of 22 months' good behavior on probation, she must disrupt her home, her work, her family, and the entire scheme of events which she has successfully undertaken, to serve time in jail? There is no benefit to her or to the public from such sentence. If at the time of sentencing she were a danger to the public or if granting her unconditional probation would deprecate the seriousness of her conduct, the ends of justice would best be served by imprisonment first, then probation. Lastly, it appears that the trial court never intended that the

sentence be served, but imposed it in an effort to exhort defendant to comply with the conditions of her probation. However, upon defendant's failure to do so, proceedings for revocation of probation would be an available remedy.

The petition for rehearing is accordingly denied.

KARNS, J., concurs.

HARRISON, J., dissents.