(Nos. 53959, 54148 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. BILL TIPTON, Appellee.—THE PEOPLE OF THE
STATE OF ILLINOIS, Appellee, v. JAMIE L.
RICHARDSON, Appellant.

*Opinion filed November 20, 1981.—Rehearing
denied January 29, 1982.*

258

Tyrone C. Fahner, Attorney General, of Springfield, and Nicholas G. Byron, State's Attorney, of Edwardsville (Melbourne A. Noel, Jr., Thomas E. Holum, and Carolyn B. Notkoff, Assistant Attorneys General, of Chicago, and Martin N. Ashley and Christopher S. Carroll, of the State's Attorneys Appellate Service Commission, of Mt. Vernon, of counsel), for the People.

John H. Reid and Randy E. Blue, Deputy Defenders, and Richard J. Bennett, Assistant Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellee.

Mary Robinson, Deputy Defender, and Marilyn Martin, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellant.

Tyrone C. Fahner, Attorney General, of Springfield (Melbourne A. Noel, Jr., Thomas E. Holum, and Carolyn B. Notkoff, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE UNDERWOOD delivered the opinion of the court:

We granted leave to appeal and consolidated these cases to consider whether a trial court has authority to impose as a condition of probation a term of delayed imprisonment to be served during the final months of the probation period. In cause No. 53959 defendant Bill Tipton was convicted in the circuit court of Madison County of unlawful delivery of what was represented to be a controlled substance. He was sentenced to a period of two years' probation subject to several conditions, including that he serve the last 60 days of his probation period in the county jail. No provision was made for a remission hearing. Tipton appealed the sentence, and the appellate court, in a Rule 23 order (73 Ill. 2d R. 23), vacated the term of imprisonment (*People v. Tipton* (1980), 85 Ill. App. 3d 1202) based upon its previous decision in *People v. Shook* (1980), 86 Ill. App. 3d 174.

In cause No. 54148 defendant Jamie Richardson was convicted of battery and sentenced by the Winnebago County circuit court to a probation period of one year, to run concurrently with his probation in a felony case. The

February 13, 1979, order imposed particular conditions as follows:

"9. Defendant sentenced to 120 days in County Jail—last 120 days of probation period—Defendant shall appear Oct. 12, 1979 at 9:30 A.M. and Court will consider remitting all or part of sentence.

10. Defendant to follow felony probation directive to obtain education and to appear June 13, 1979 at 9:30 A.M. to report progress.

11. If defendant violates probation, sentence to be served upon finding of violation."

Richardson appeared without counsel at the remission hearing some eight months later. He was advised of an adverse probation report indicating he had violated probation in another case and failed to report to the probation officer in this case. He was also told of the recommendation of the probation officer that he serve the 120 days' sentence in this case. The trial court refused to modify the sentence at that time but appointed counsel and advised Richardson that he could petition for further hearing. Thereafter, Richardson appeared with counsel and, rather than presenting evidence in his behalf, argued that the action was in reality one to revoke probation under section 5—6—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—4), and that a plenary hearing was required by the statute. The record indicates that the trial court considered this argument as a motion to reconsider the decision not to modify. The motion was further argued at a subsequent hearing at which the State made offers of proof consisting of the court's records of proceedings to revoke the concurrent probation in the felony case. Defendant, in that case, had apparently admitted violating probation by committing one theft, and testimony by cross-examined witnesses had indicated his guilt of an additional theft. Defendant indicated he did not believe the proceedings in the other case, which had resulted in a sentence of 60 days

on a work release program, could again be considered here. However, he specifically declined the opportunity to present evidence or cross-examine as to the proffered proof. The trial court denied relief. The appellate court, in a Rule 23 order (73 Ill. 2d R. 23), dismissed the appeal as untimely, holding that it had no jurisdiction since defendant attacks were on the propriety of the sentence as originally imposed, which should have been appealed at the time of imposition. 87 Ill. App. 3d 1198.

Defendant Tipton here urges, relying on *People v. Shook* (1980), 86 Ill. App. 3d 174, that the imposition as a condition of probation of a term of imprisonment to be served at the end of a period of probation is legally impermissible and, in any event, constitutes an abuse of the trial judge's discretion. Defendant Richardson, whose condition of imprisonment, unlike Tipton's, was expressly subject to reconsideration, confines his argument here to whether an order denying remission is appealable and whether the procedural protections afforded him in connection with the remission hearing comport with due process.

We consider first the appealability of the order denying remission in Richardson's case. Section 5—6—4(f) of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—6—4(f)) provides:

> "The conditions of probation, of conditional discharge and of supervision may be modified by the court on motion of the probation officer or on its own motion or at the request of the offender after notice to the defendant and a hearing."

Where the order admitting a defendant to probation fixes a date for a remission hearing, that action may fairly be characterized as a hearing set by the court on its own motion for the purpose of reconsidering the imprisonment question and possible modification of the probation order. Our Rule 604(b) (73 Ill. 2d R. 604(b)), providing that "[a]

defendant \*\*\* sentenced to probation \*\*\* may also appeal from an order modifying the conditions of or revoking such a sentence," supplanted the former statutory provision that "[t]he defendant may appeal from any judgment altering the conditions of or terminating probation" (Ill. Rev. Stat. 1971, ch. 38, par. 117—3(e)). While the effect of the trial judge's post-hearing action denying remission is to leave the order for imprisonment as it was originally entered, and the judge's action did not "modify" the conditions of probation in the sense that "modify" is ordinarily considered, we believe that order nonetheless appealable under Rule 604(b). Had the trial judge remitted in part by reducing the 120 days' imprisonment to 30 or 60 days, thus "modifying" the probation conditions in a more traditional sense, the defendant clearly could have appealed under Rule 604(b). The decision not to modify did, however, remove a contingency which was a part of the original sentence, and, in effect, served as a final order. We distinguish this case from a situation where a defendant, pursuant to section 5—6—4(f), moves for modification of conditions of his probation in a case where the question of remission at some future date was not reserved in the original sentence. The denial of such a motion would not be similarly appealable, as the final order in that case would have been the original sentence, which should have been appealed within 30 days of its entry. We accordingly hold the order denying remission in Richardson's case appealable under Rule 604(b).

There is, in our judgment, no doubt of the trial court's authority to impose a period of "continuous" as contrasted to "periodic" imprisonment as a condition of probation under section 5—6—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—6—3). And, while we seriously question the advisability of imposing that imprisonment at or near the end of the probationary period in the absence of unusual circumstances or a request by defendant, we do not doubt the trial judge's power to do so.

Section 5—6—3, in pertinent part, provides:

"(b) The Court may in addition to other conditions require that the person:

(1) serve a term of periodic imprisonment under Article 7 for a period not to exceed 2 years or the maximum term of imprisonment provided for the offense, whichever is less;

\* \* \*

(d) The court shall not require as a condition of the sentence of probation or conditional discharge that the offender be committed to a period of imprisonment in excess of 6 months.

Persons committed to imprisonment as a condition of probation or conditional discharge shall not be committed to the Department of Corrections.

(e) The court may combine a sentence of periodic imprisonment under Article 7 with a sentence of probation or conditional discharge." Ill. Rev. Stat. 1977, ch. 38, par. 1005—6—3.

In our judgment the legislative history of subparagraph (d) clearly indicates the intent to authorize a term of continuous imprisonment as a condition of probation. The court is not limited to conditions of periodic imprisonment, for the term "imprisonment" as defined in section 5—1—10 specifically omits periodic imprisonment. When the General Assembly intended to indicate periodic imprisonment, it did so, as in subparagraphs (b)(1) and (e), using the phrase "periodic imprisonment under Article 7." Prior to amendment in 1973 subparagraph (d) read: "The court shall not require as a condition of the sentence of probation or conditional discharge that the offender be committed to a period of imprisonment except under Article 7." (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—6—3(d).) The 1973 amendment struck "except under Article 7," substituted "in excess of 6 months," and added the second sentence. (1973 Ill. Laws 3037.) The conclusion is inescapable that the intention of the legislature was to allow a term of continuous

imprisonment as a condition of probation subject only to the limitation that it be not longer than six months and be served elsewhere than in the Department of Corrections.

Both defendants rely on the appellate court's holding in *People v. Shook* (1980), 86 Ill. App. 3d 174, that the trial court is without authority to condition probation upon a jail term to be served at the end of the probation period. Alternatively, Tipton argues that he is entitled to a remission hearing before the imprisonment is served, and Richardson argues that his remission hearing should have embraced the procedures in section 5—6—4(c) concerning probation-revocation hearings.

In *Shook* the trial court had conditioned probation upon a term of 60 days' imprisonment to be served at the end of the probation period, and provided for reconsideration of this condition prior to the time being served. The appellate court, relying on section 5—8—1(d) of the Code (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1(d)), which deals only with felony sentences, held that the trial court lost jurisdiction to modify sentences 30 days after sentencing. Since the trial court would be without jurisdiction to reconsider the sentence, and reconsideration was a part of the sentence, the condition of imprisonment could not stand. Additionally, in a supplemental opinion denying rehearing, the court said that the condition was "legally improper" because it would interfere with "rehabilitation of a repentant offender." The *Shook* decision was cited by the appellate court here as controlling its decision to vacate Tipton's term of imprisonment.

We cannot accept the *Shook* holding. As noted by the dissenting justice in *Shook*, the trial court clearly has specific authority to modify conditions of probation under section 5—6—4(f), quoted earlier herein. The legislature appears to have intended that section to vest the trial courts with authority to deal with changing conditions during the pro-

bation periods. This specific authority controls over the general prohibition against altering felony sentences after 30 days have elapsed.

Nor do we agree with the *Shook* majority that there exists any legal impediment to imposing the term of imprisonment at the end of the probation period. The only time restriction expressed in section 5—6—3(d) is one limiting the duration of the imprisonment to six months. There are occasionally reasons why delaying the confinement period might better suit the particular circumstances of a given case, and the trial judge has a broad but not unlimited discretion in this area. (*People v. Rege* (1976), 64 Ill. 2d 473, 480-81; *People v. Bolyard* (1975), 61 Ill. 2d 583, 586; *People ex rel. Ward v. Moran* (1973), 54 Ill. 2d 552, 554.) Although Tipton claims that the trial court abused its discretion in conditioning his probation on a delayed term of imprisonment, the decision to impose the sentence of probation and the condition of imprisonment was within the court's discretion.

Despite our holding, and as earlier indicated, we have considerable doubt as to the wisdom of delaying a sentence of continuous imprisonment. The State lauds it as a judicially created "innovative sentencing procedure" having "obvious benefit both for the offender and for the criminal justice system." Delayed imprisonment, to the extent it is prompted by legitimate concern for the particular circumstances of a given case, *i.e.*, avoiding loss of employment or educational interruptions, family illnesses, etc., may well benefit a defendant or those dependent upon him. But to the extent that it is used as a deterrent to misconduct during the probationary period, we would have thought the potential for revocation of probation with its heavier penalty would suffice. Probation, even with a condition of imprisonment, is more rehabilitative than punitive in nature. (*Gagnon v. Scarpelli* (1973), 411 U.S. 778, 785, 36 L. Ed. 2d

656, 663, 93 S. Ct. 1756, 1761; *People ex rel. Ward v. Moran* (1973), 54 Ill. 2d 552, 556.) If the trial court determines that, in the interest of rehabilitation of the defendant, a period of imprisonment is necessary to a successful probation, it would seem that, absent persuasive reasons to the contrary, the confinement should occur early in the probationary period. Imprisonment at the end of the rehabilitative process could well do more harm than good. In addition to our concern regarding counterproductivity, the imposition of delayed confinement subject to remission could degenerate into a substitute for the revocation of probation to which statutorily incorporated due process requirements now apply.

We turn now to the due process questions raised by defendants: Is a remission hearing required if the condition of imprisonment is delayed, and, if a hearing is required, or granted, what rights does defendant have? These questions cannot be answered without reference to the context in which they arise. In defendant Tipton's case, as earlier noted, the imprisonment order was unequivocal, and nothing in the probation order even hinted at the possibility of remission. The only statutory provision which could be thought to provide a remission hearing is section 5—6—4(f), earlier quoted, which authorizes modification of the conditions of probation on the motion of the court, its probation officer or defendant. Since the court had not indicated an intention to consider remission and defendant did not file a motion requesting modification, no hearing prior to serving the delayed confinement was necessary.

Richardson's case differs somewhat. There the court specified in the original order of probation a definite date upon which defendant was to appear at which the court would consider remission of all or part of the delayed imprisonment.

In these circumstances the reasoning of the Supreme

Court in *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex* (1979), 442 U.S. 1, 60 L. Ed. 2d 668, 99 S. Ct. 2100, is relevant. There, prison inmates eligible for discretionary parole raised a due process challenge to Nebraska parole board proceedings. The court described the hearings before the parole board:

> "At the Board's initial interview hearing, the inmate is permitted to appear before the Board and present letters and statements on his own behalf. He is thereby provided with an effective opportunity to insure, first, that the records before the Board are in fact the records relating to his case; and second, to present any special considerations demonstrating why he is an appropriate candidate for parole." (442 U.S. 1, 15, 60 L. Ed. 2d 668, 680, 99 S. Ct. 2100, 2108.)

The court noted that due process considerations were quite different for one already out on parole and facing revocation as in *Morrissey v. Brewer* (1972), 408 U.S. 471, 482, 33 L. Ed. 2d 484, 494-95, 92 S. Ct. 2593, 2600, described as one "being deprived of a liberty one has"—and one in prison seeking parole, described as one "being denied a conditional liberty that one desires" (442 U.S. 1, 9, 60 L. Ed. 2d 668, 676, 99 S. Ct. 2100, 2105). The court stated that a legitimate expectation of release may trigger some due process considerations but held that the hearings provided were sufficient. 442 U.S. 1, 15-16, 60 L. Ed. 2d 668, 680-81, 99 S. Ct. 2100, 2108.

Similarly, there are in our judgment distinct differences between the legitimate expectations of those facing terms of delayed imprisonment set as unequivocal conditions of probation at the time of sentencing and those, like Richardson, whose terms of delayed imprisonment are expressly subjected to the results of a remission hearing fixed in the order imposing the imprisonment. The former have no reason to expect remission; the latter have been encouraged to believe that they may escape imprisonment by comply-

ing with the other conditions of probation. As to them, legitimate expectations of a hearing similar to that provided by sections 5—6—4(b) and (c) have been raised under the due process considerations outlined in *Greenholtz*, with the right to notice, counsel, and to present relevant evidence. Similar considerations would apply, in our opinion, to section 5—6—4(f) motions by the probation officer or the court itself to modify the conditions of probation in a manner more burdensome to defendant.

However, as to those cases where the original order of probation did not provide for a remission and neither the court nor probation officer has sought modification under section 5—6—4(f), due process, in our judgment, requires much less. A defendant in those circumstances who, himself, moves to modify the term of imprisonment or other conditions of probation has "no more than a mere hope that the benefit will be obtained" (*Greenholtz v. Inmates of Nebraska Penal & Correctional Complex* (1979), 442 U.S. 1, 11, 60 L. Ed. 2d 668, 677, 99 S. Ct. 2100, 2105). Constitutional requirements are met if defendant is permitted to appear personally and to present any supporting documentary evidence. The court, in its discretion, may, but is not required to, allow the defendant to be represented by counsel and to call witnesses. No constitutional provision is offended by placing upon him the burden of establishing why the modification should be made. As in *Greenholtz*, where the court pointed out that one does not have a constitutional right to parole release (442 U.S. 1, 7, 60 L. Ed. 2d 668, 675, 99 S. Ct. 2100, 2104), neither does a probationer have the right to release from the conditions originally imposed. But where our statute gives the right to request modification, the expectation also arises that the motion will be seriously considered under circumstances which minimize the risk of error without imposing burdensome procedures upon the States. (442 U.S. 1, 12-13, 60 L. Ed. 2d 668,

679, 99 S. Ct. 2100, 2106-07.) We think that this procedure meets these requirements.

In Richardson's case, we note that he was provided with counsel and ample opportunity to present evidence in his behalf. He had notice of the hearing from the time of sentencing and notice of the adverse probation officer's report from the day of his first appearance at the remission hearing. At that time, counsel was appointed and Richardson was advised that he could seek reconsideration. He subsequently expressly declined to present evidence or cross-examine, electing instead to challenge the earlier proceeding on what we view as jurisdictional grounds. Although the trial judge advised Richardson in the original remission hearing that he would not remit the sentence, he also then advised him that further evidence could be presented. It is clear that the trial judge's initial decision not to remit was not regarded by him as final, and the provisions made for further hearings afforded Richardson what we believe was adequate opportunity to be heard. He cannot now attack the final order as arbitrary and capricious when he waived his opportunity to do so at the proper time. *People v. Lykins* (1979), 77 Ill. 2d 35, 38; *People v. Roberts* (1979), 75 Ill. 2d 1, 10.

In both cases the judgments of the appellate court are reversed and the judgments of the circuit courts are affirmed.

> *Appellate court reversed;*
> *circuit courts affirmed.*