THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SALVATORE DI COSTANZO, Defendant-Appellant.

Second District    No. 84—0180

Opinion filed June 5, 1985.

Fawell & Marutzky, of Oak Brook, and Jeffrey B. Fawell, of Wheaton, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of Elgin, and Robert J. Biderman and Gwendolyn W. Klingler, both of State's Attorneys Appellate Service Commission, of Springfield, of counsel), for the People.

JUSTICE SCHNAKE delivered the opinion of the court:

The defendant, Salvatore Di Costanzo, was placed on concurrent one-year terms of probation for battery (Ill. Rev. Stat. 1983, ch. 38, par. 12—3(a)(1)) and criminal damage to property not exceeding $300 (Ill. Rev. Stat. 1983, ch. 38, par. 21—1(a)). One of the conditions of each sentence of probation was that he serve the final 60 days of the year in jail. Prior to the commencement of the period of incarceration, a hearing was held on the question of whether the jail sentence should be remitted. The court ordered the defendant to serve the 60 days in jail, and the defendant appeals, contending (1) that the remission hearing did not comport with constitutional requirements of due process of law, (2) that he did not receive effective assistance of counsel at the remission hearing, and (3) that if the order requiring him to serve the 60 days in jail is reversed, and the cause remanded for a new remission hearing, the hearing should be before a different judge.

When the defendant was placed on probation on April 5, 1983, his codefendant, Carl Hendricks, received the same sentence. In the course of pronouncing sentence, the trial judge made the following remarks:

"So, what I'm going to do, Mr. Hendricks, you're not going to get supervision ***.

So, you're going to be placed on probation for a period of one year, last 60 days in the DuPage County Jail. If you so much as get a speeding ticket, you're going to do those 60 days. If you get any serious offenses, they can still file a petition to revoke

your probation. There'll be a fine of $500.00 and costs, $30.00—the restitution to the victim from you. That's it.

Mr. DiCostanzo, tough way to learn it, but you're going to get a conviction [instead of supervision]. One year's probation, last 60 days in the DuPage County Jail. I want to impress upon you that you have 60 days' jail time hanging over your head ***.

\* \* \*

Same terms for you [DiCostanzo], $500.00 fine."

After advising the defendant and Hendricks of their right to appeal, the judge addressed them as follows:

"Go over to the Probation Department as soon as you receive your paperwork. Please be careful because I'll put you in jail.

We'll give it a check date of February the 3rd to determine time and place of incarceration."

Following a recess the case was called again, and the following colloquy occurred:

"THE COURT: I'm not sure if I made the record clear. That was 60 days at the end. Did I say subject to motion to vacate?

MR. BELMONTE [counsel for the defendant and Hendricks]: No, you did not.

THE COURT: I intended it, just so you're aware of it. Prepare a motion to vacate for the date of incarceration. If they've not been in any trouble—if I didn't intend it, I would have given it [the jail sentence] up front. I want the record reflect that's what I intended."

A handwritten order was filed, applicable to both the criminal damage to property and the battery cases, which reflected the sentences pronounced at the hearing. The order placed the defendant on probation for one year and stated:

"It is further ordered that the defendant is sentenced to sixty days (60) incarceration at a place to be determined at a future time and set for status on February 3, 1983. The defendant shall be allowed to vacate said incarceration by motion on that date if the Court sees fit."

Also in the common law record is a probation order for each case, consisting of a printed form with blanks in which material pertinent to the case has been inserted. Each of these orders includes as a condition of probation that the defendant serve the last 60 days of the year in the Du Page County jail. The orders also set a hearing for February 3, 1984, "for motion on incarceration."

On December 2, 1983, the State failed a petition to revoke the

defendant's probation on the basis that he failed to report to his probation officer in the months of July and October of 1983. One of the conditions of probation specified the defendant report to his probation officer as directed. On the date that the petition to revoke was filed, the prosecutor also filed a request for the clerk of the circuit court to place the matter on the court's docket for December 9, 1983, "for the purpose of signing of summons." The docket entry for that date indicates that the matter was stricken from the docket and set for review on February 15, 1984. No summons was issued, and no written notice was sent to the defendant regarding the review date.

On January 18, 1984, a second petition to revoke probation, which was identical to the first, was filed. The prosecutor again filed a request that the matter be placed on the court's docket for the purpose of signing summons. The specific date requested is illegible. It was either January or February 23, 1984. In any event, no summons was ever issued.

No written motion to remit the jail sentence was filed. On February 3, 1984, the date previously set for a hearing on the "motion on incarceration," no hearing was conducted. The case did, however, come on for a hearing on February 15, 1984, and the defendant and his attorney were present. When the case was called, defense counsel said to the judge, "I think you'll recall this matter. My client was found guilty. You imposed probation and a 60-day jail sentence." The judge asked a probation officer what the position of the probation department was, and he recommended that the defendant be required to serve 30 of the 60 days because he had not shown "any evidence of taking seriously the requirements of probation and complying with them." The prosecutor then noted that there was a petition to revoke probation in the file based on the defendant's failure to report in July and October of 1983. The prosecutor requested that the defendant be required to serve the entire 60-day period. The following colloquy then occurred:

"THE COURT: I think I told Mr. DiCostanzo he would have to convince me he shouldn't go to jail.

What do you [defense counsel] have in regards to that?

MR. BELMONTE: Judge, I didn't realize Mr. DiCostanzo missed those two periods. To be completely honest, there's another date in question. We're talking about three. He did mention in the month of July, his grandfather passed away. He missed that.

There's no excuse for this, Judge. I wish he would have told me that."

Defense counsel then asked the court to continue probation for six months to give the defendant an opportunity to prove that the jail sentence was unnecessary. The defense attorney said that if the court did so, he (defense counsel) would take the defendant to his employer and "tell him [the employer] the facts that Sol [the defendant] is going to leave his job and to let Sol go to the Probation Department."

The court then asked the defendant if he had anything to say, and Di Costanzo replied, "I signed up for a G.E.D. I'm going for an electrician." The judge then said to the defendant:

"What about the Probation Office? They gave you a probation order. You signed it. All the conditions of probation are on it. When you left here, I looked at you and said I'd give you a chance because you had never been arrested before. All you had to do is prove it to me.

I don't understand this. I give people like you a break, and you walk away and ignore us.

60 days in jail. Have a seat."

On February 24, 1984, the defendant, through a new attorney, filed a motion to vacate the order requiring him to serve the 60 days in jail. In that motion the defendant maintained that the hearing on whether to remit the jail sentence did not comport with constitutional requirements of due process of law. Citing *People v. Tipton* (1981), 88 Ill. 2d 256, 430 N.E.2d 1023, he contended that the process due at the remission hearing was the same as that required at a probation revocation hearing. He maintained that the requirements were not met because he did not receive prior notice of the alleged probation violations, or the opportunity to prepare a defense, to present witnesses, or to cross-examine the witnesses against him. On the question of notice the motion alleged that the defendant appeared in court on February 15, 1984, at the request of his probation officer, who had not informed him of the purpose of the court appearance. Finally, the motion to vacate also alleged that the defendant did not receive the effective assistance of counsel at the remission hearing.

The defendant's motion was denied at a hearing on February 27, 1984. The court found *Tipton* to be distinguishable from the instant case. In *Tipton*, where a remission hearing was held to be subject to the same due process requirements as a probation revocation hearing, the sentencing order had said, " 'Defendant shall appear [on a date certain] and Court will consider remitting all or part of sentence. ***. If defendant violates probation, sentence to be served upon finding of violation.' " (*People v. Tipton* (1981), 88 Ill. 2d 256, 260.) In distinguishing *Tipton*, the trial judge stated that when he placed the

defendant on probation in the instant case, the jail sentence was "subject to motion to vacate." The judge said, "I think if you order the transcript, when I looked at him [the defendant], I said, 'The way it stands right now, you'll do 60 days in the DuPage County Jail. If you convince me it'll be a waste of time for you to go to jail and your attorney has filed a written motion to vacate the sentence'—you do not have an absolute right to have it vacated." The trial judge concluded his ruling with the following remarks:

> "No motion [for remission of the jail sentence] was filed. When I made some inquiry to determine what was the status, I was told he failed to report to the Probation Officer on those days. No motion was ever filed. I asked him what he had to say. He didn't have anything to say in regards to why he didn't go to the Probation Department or anything else. The attorney didn't have anything to say."

The defendant filed a timely notice of appeal and has been admitted to bail pending this court's decision.

In *People v. Tipton* (1981), 88 Ill. 2d 256, 430 N.E.2d 1023, our supreme court dealt with the question of what process was constitutionally required at remission hearings of the type involved here. The court considered two consolidated cases, that of Bill Tipton, and that of Jamie Richardson. Tipton had been placed on probation for two years with the requirement that he serve the last 60 days in jail. When the sentence was imposed, the court made no provision for a remission hearing. Our supreme court noted, however, that Tipton had a right under section 5—6—4(f) of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—6—4(f)) to petition for modification of any of the conditions of probation, including the jail sentence.

Richardson was placed on probation for one year with the condition that he serve the last 120 days in jail. At the time the sentence of probation was imposed, however, the court ordered, "Defendant shall appear [at a date certain] and Court will consider remitting all or part of sentence. ***. If defendant violates probation, sentence to be served upon finding of violation." *People v. Tipton* (1981), 88 Ill. 2d 256, 260.

Our supreme court held that more was constitutionally required in Richardson's case than in Tipton's case. Said the court:

> "[T]here are in our judgment distinct differences between the legitimate expectations of those facing terms of delayed imprisonment set as unequivocal conditions of probation at the time of sentencing and those, like Richardson, whose terms of de-

layed imprisonment are expressly subjected to the results of a remission hearing fixed in the order imposing the imprisonment. The former have no reason to expect remission; the latter have been encouraged to believe that they may escape imprisonment by complying with the other conditions of probation." (*People v. Tipton* (1981), 88 Ill. 2d 256, 267-68.) The court held that as to the latter group, legitimate expectations had been raised of a hearing similar to a probation revocation hearing with the right to notice, counsel, and to present relevant evidence. As to the former group, less was required. Initially, the defendant in such a case was required to file a petition for remission under section 5—6—4(f) in order to bring the matter before the court. Furthermore, at the hearing on such a petition, although the defendant would have to be allowed to appear and to present documentary evidence, the right to counsel and to call witnesses would be at the discretion of the court. The burden of proof at such a hearing would be on the defendant.

■ In the instant case, the defendant argues that he was in the position of Richardson, and that his remission hearing had to satisfy the procedural requirements constitutionally imposed at probation revocation hearings. He maintains that the hearing he was accorded was deficient in that he was not afforded advance notice of the accusations which were the basis of the denial of remission, and because the State did not present any evidence of those accusations. The State, on the other hand, essentially argues that the defendant was in the position of Tipton, and that it was, therefore, proper to require him to serve the jail sentence because he had not filed a petition for remission under section 5—6—4(f) (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—4(f)) and did not present any evidence at the hearing which was conducted.

In our judgment the defendant's position finds more support in the record than that of the State. In this regard we believe it is appropriate to consider both the oral pronouncement of the sentence of probation as reflected in the report of proceedings and the written judgment orders set forth in the common law record. (See *People v. Tackett* (1985), 130 Ill. App. 3d 347, 474 N.E.2d 451.) Although in pronouncing sentence, the trial judge stated that the jail sentence was "subject to motion to vacate," from which language it might be inferred that the defendant would be required to file a petition for remission under section 5—6—4(f), and, accordingly, to bear the burden of proof at the hearing on the petition, other comments the trial judge made then reveal his intention to remit the sentence unless the defendant was guilty of some misconduct during the first 10 months

of the term of probation, which intention was inconsistent with such an informal type of proceeding. In the presence of the defendant, the judge told Hendricks, who received the same sentence, "If you so much as get a speeding ticket, you're going to do those 60 days." After advising both defendants of their right to appeal, the judge told them, "Please be careful because I'll put you in jail." The judge subsequently directed defense counsel to file a motion to vacate to be heard the date that the jail sentence was scheduled to begin. He then said, "If they've not been in any trouble—if I didn't intend it [to be subject to motion to vacate], I would have given it [the jail sentence] up front." We consider that these comments encouraged the defendant to believe that he could escape imprisonment by complying with the other conditions of probation and were sufficient under *Tipton* to raise a legitimate expectation of a hearing similar to a probation revocation hearing, with the right to notice and counsel, and to present relevant evidence. The language used by our supreme court to describe the class of probationers entitled to such a hearing was "those [probationers] *** whose terms of delayed imprisonment are expressly subjected to the results of a remission hearing fixed in the order imposing the imprisonment." (88 Ill. 2d 256, 267.) Here, at the time the trial judge pronounced sentence, he directed defense counsel to "[p]repare a motion to vacate [the jail sentence] for the date of incarceration," and the written probation orders set February 3, 1984, as the date for hearing on the motion. Thus, a remission hearing was fixed in the sentencing order. See also *State v. Kerrigan* (1977), 98 Idaho 701, 703, 571 P.2d 762, 764 (defendant entitled at remission hearing to process required at probation revocation hearing, including notice of alleged violations where initial sentencing order set date for a remission hearing even though said order required that at the hearing the defendant "shall appear and show cause why he should not begin serving said sentence").

In the instant case the remission hearing did not comport with the applicable requirements because the defendant was not given notice of the accusations that were the basis of the denial of remission, *i.e.* that he had failed to report to his probation officer in July and October of 1983. Although two previous petitions to revoke probation had been filed which included those accusations, there is no indication that the defendant or his counsel was ever served with them. No summonses were issued on the petitions. As stated in *State v. Kerrigan* (1977), 98 Idaho 701, 705, 571 P.2d 762, 766:

> "[The] charges were not made known to [the defendant] or his attorney in advance of the [remission] hearing. Thus there was

no opportunity to prepare a defense, to call witnesses in his own behalf or to confront those who had made the charges. Such a procedure cannot measure up to the 'considerations of fairness and sound judicial administration' which *** are mandated by the Fourteenth Amendment to the United States Constitution ***.''

Since the remission hearing in this case did not satisfy the minimum requirements of the constitutional guarantee of due process of law, a new hearing in conformity with those requirements must be held. We need not, therefore, consider the defendant's argument on the issue of ineffective assistance of counsel.

The defendant maintains that the new hearing should be before a different trial judge because, he contends, the judge who presided over the remission hearing assumed that he was guilty of violating probation on the basis of the State's mere accusation, without hearing evidence. In support of this contention, the defendant cites *People v. Matulis* (1983), 117 Ill. App. 3d 876, 454 N.E.2d 62. *Matulis* involved an implied consent hearing under section 11—501.1 of the Illinois Vehicle Code. (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1.) During the State's case in chief, the judge made findings of fact against the defendant but dismissed the proceeding because of a deficiency in the pleadings. The State appealed, and this court held that the defendant had waived the irregularity in the pleadings. The dismissal was, therefore, reversed, and the cause was remanded, but this court also provided:

"As the trial judge expressed his view on the merits before defendant had an opportunity to present evidence, the hearing must be before another judge." 117 Ill. App. 3d 876, 880.

In response to the defendant's argument, the State reiterates its contention that the process required at the remission hearing was not equivalent to that constitutionally required at a probation revocation hearing. The State maintains that the burden of proof was on the defendant to show why he should not be incarcerated, and that, therefore, it was proper for the trial judge to rule against the defendant without a formal presentation of evidence.

We believe that *Matulis* is distinguishable. There the judge made his findings of fact in the middle of the hearing. Such conduct demonstrated a lack of impartiality. (See *People ex rel. Przyblinski v. Scott* (1959), 23 Ill. App. 2d 167, 161 N.E.2d 705, *aff'd* (1960), 19 Ill. 2d 500, 167 N.E.2d 194.) In the instant case, the judge did not decide the case until the end of the remission hearing. Although, as we concluded above, the judge misinterpreted *Tipton* regarding what proce-

dures were required at that hearing, his conduct did not indicate a lack of impartiality. Accordingly, we do not conclude that the new hearing must be before a different judge.

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for a new hearing on whether the jail sentence, imposed as a condition of probation, should be remitted.

Reversed and remanded.

NASH, P.J., and STROUSE, J., concur.