THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. OLIAN J. SMITH, Defendant-Appellant.

Third District No. 3—85—0377

Opinion filed July 1, 1986.—Modified on denial of rehearing August 5, 1986.

Verlin R. F. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (John X. Breslin and Howard R. Wertz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Olian J. Smith operated an automobile-repair shop in Joliet. He was convicted of felony theft of an automobile following a bench trial, and he has appealed from that conviction and from his sentence of 30 months' probation and payment of $626 restitution within 24 months.

According to the trial testimony of State police officer John Perona, he was driving past defendant's place of business on September 27, 1984, when he noticed a white Chevrolet Monte Carlo parked in the lot adjacent to Smith's building. The trunk lock was missing, and two small "space saver" tires were on the rear wheels. Officer Perona checked the license plate number by radio and learned that the vehicle had been reported stolen. He then went into the garage to investigate.

When questioned about the Chevrolet, defendant answered that he had gotten a phone call on Saturday, September 22, 1984, re-

questing that defendant pull the motor and transmission from the car. Defendant had told the caller to leave the car on the lot anytime over the weekend, and he would get to it during the next week. Defendant produced a work order for the vehicle dated September 22 on which defendant had written, "Guy will call." Officer Perona examined the vehicle and discovered that the ignition lock and the battery were missing and that two very old tires were on the front wheels. Defendant said that he did not know the man who called, that when he saw the car he thought it might be stolen, and that he intended to pull the motor and transmission out of it and sell it.

The parties stipulated to the testimony of the owner of the vehicle concerning, *inter alia*, his unreimbursed expenses for travel and for contents of the car which were not recovered. The owner resided in Charleston and the car had been stolen while his son was using it on a visit to Chicago.

Defendant testified in his own behalf. He stated that he did not do any work on the car because it looked suspicious and that he decided to wait for the owner to contact him before doing anything. He denied telling Officer Perona that he intended to sell the vehicle.

At the conclusion of the trial, the court found defendant guilty of felony theft. Following a sentencing hearing, defendant was sentenced to 30 months' probation and ordered to pay $626 restitution to the owners, provided that if the restitution is not paid by June 13, 1987, defendant will serve the last six months in the Will County jail.

On appeal, defendant asserts three errors: (1) the admission into evidence of an inculpatory statement not previously disclosed to defendant by the State; (2) the requirement that restitution be paid as a condition of the final six months of probation; (3) the requirement that defendant pay for items missing from the car prior to the time defendant had possession and for the owners' trip from Charleston to Chicago to report the car stolen.

■ Defendant first contends that it was error to permit Officer Perona to testify that defendant had said he intended to sell the car when the State had not provided that statement to defendant as required by the pretrial discovery order. The police report prepared by Officer Perona and furnished to defendant did not include the statement that defendant intended to sell the car. Defendant argues that this statement was the only evidence tending to show that he was acting with intent to deprive the owner permanently of the use of the car as charged in the complaint (see Ill. Rev. Stat. 1983, ch. 38, par. 16—1(a)(1)) and that its admission into evidence was very preju-

dicial to defendant's case. Defendant relies upon those cases where a conviction was reversed because prejudicial statements were admitted in evidence which had not been disclosed by the State as a part of pretrial discovery in violation of Supreme Court Rule 412 (87 Ill. 2d R. 412). *E.g., People v. Boucher* (1978), 62 Ill. App. 3d 436, 379 N.E.2d 339; *People v. Thompson* (1974), 18 Ill. App. 3d 613, 310 N.E.2d 504.

We think it significant that defendant did not object to Officer Perona's testimony concerning the statement and that he only raised the issue by means of a motion to strike during cross-examination of the witness. Defendant did not ask for time to investigate but instead proceeded with the trial. Such conduct has been held to waive any objections. (*People v. Smith* (1983), 114 Ill. App. 3d 1007, 449 N.E.2d 912; *People v. Ferguson* (1981), 102 Ill. App. 3d 702, 429 N.E.2d 1321, *cert. denied* (1982), 459 U.S. 872, 74 L. Ed. 2d 133, 103 S. Ct. 159.) Furthermore, the State did not emphasize this statement in closing argument but rather argued that what he was planning to do with the engine and transmission was not important. Also, it seems clear that defendant *was* informed of the substance of his statement to Officer Perona in compliance with Rule 412, though not every word was disclosed. In summary, we conclude that any error was waived and, in any event, no serious error occurred.

■ Defendant next contends that the trial court erred in imposing as a condition of probation that defendant spend the last six months of probation in the Will County jail if he had not made restitution by that time. He argues that under the terms of the sentence, he could be sent to jail for a failure to pay restitution without a hearing to determine whether the failure to pay was wilful. Similar sentences have been before courts of review in other recent cases.

In *People v. Cottrell* (1986), 141 Ill. App. 3d 364, 490 N.E.2d 950, the State conceded that a similar sentence was improper, and the reviewing court vacated the imprisonment portion of the sentencing order, observing that defendant's failure to comply with the terms of probation could best be handled by a petition to revoke probation. (Accord, *People v. Hancock* (1986), 143 Ill. App. 3d 1027.) In *People v. Tipton* (1981), 88 Ill. 2d 256, 430 N.E.2d 1023, the trial court sentenced Tipton to two years' probation subject to the condition that he serve the last 60 days of his probation period in the county jail. In another cause which was consolidated with that of Tipton's on appeal, Richardson was sentenced to one year of probation and 120 days in the county jail with the jail term to coincide with the last 120 cays of probation. Unlike Tipton, Richardson was

directed to appear in court after eight months' probation for the court to consider remitting all or part of the jail term. The supreme court upheld both sentences, saying:

"And, while we seriously question the advisability of imposing that imprisonment at or near the end of the probationary period in the absence of unusual circumstances or a request by defendant, we do not doubt the trial judge's power to do so." 88 Ill. 2d 256, 262, 430 N.E.2d 1023.

In the cause before us, defendant insists that this sentence violates those provisions of the Unified Code of Corrections which prohibit the revocation of probation or conditional discharge for failure to pay restitution unless such failure is wilful. Section 5—6—4(d) (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—4(d)) provides:

"Probation, conditional discharge, periodic imprisonment and supervision shall not be revoked for failure to comply with conditions of a sentence or supervision, which imposes financial obligations upon the offender unless such failure is due to his wilful refusal to pay."

Section 5—5—6(g) of the Code, as amended by Public Act 83—1433, effective January 1, 1985, (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—6(g) provides:

"A sentence of restitution may be modified or revoked by the court if the offender commits another offense, or the offender fails to make restitution as ordered by the court, but no sentence to make restitution shall be revoked unless the court shall find that the offender has had the financial ability to make restitution, and he has wilfully refused to do so. If the court shall find that the defendant has failed to make restitution and that the failure is not wilful, the court may impose an additional period of time within which to make restitution. ***"

The sentence imposed here does not require a hearing in the event defendant fails to make timely payment of restitution; he could be sent to jail without a judicial determination that he wilfully refused to pay when he had the financial ability to do so. This sentence is an improper attempt to provide for revocation of defendant's probation without a hearing. A similar result can be obtained by providing for six months in jail at the end of the probationary term subject to remission of the jail term if restitution is paid on time. Such a sentence was approved in *People v. Burke* (1985), 136 Ill. App. 3d 593, 483 N.E.2d 674, provided that the date for the remission hearing be specified. The court said:

"We believe it would be better practice when such an order is entered with the possibility of remission to specify a date of hearing at which the court would consider remitting all or part of the imprisonment imposed as a condition of probation, as had been done with defendant Richardson in *Tipton*. Therefore, on remand, we direct that the trial court should set such dates for hearings on *each* of the defendant's probation terms." (Emphasis added.) 136 Ill. App. 3d 593, 609, 483 N.E.2d 674, 686.

In the case at bar, the improper sentence must be vacated and this cause remanded for resentencing in accord with this opinion.

■ Defendant also contends that it was error to require him to pay restitution for losses occurring as a result of the theft prior to the time defendant had possession of the car and for which defendant could not have been responsible. He points to the items that were missing from the car at the time it was delivered to him and to the cost of the owner's trip to Chicago to report the car stolen. Section 5—5—6(a) of the Code provides that the court shall determine "whether the defendant should be required to make restitution in cash, for out-of-pocket expenses, damages, losses, or injuries found to have been proximately caused by the conduct of the defendant *or another for whom the defendant is legally accountable* under the provisions of Article V of the Criminal Code of 1961." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—6(a).) Considering the evidence in the record, the totality of the circumstances was sufficient to support an inference that defendant was "legally accountable" for the acts of the person who first took possession of the car and its contents. Accordingly, we find no error in the amount of restitution.

For the reasons indicated, we affirm the conviction. However, we vacate the sentence and remand to the circuit court of Will County for resentencing.

Conviction affirmed; sentence vacated and remanded.

STOUDER and WOMBACHER, JJ., concur.