THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILMA WRIGHT, Defendant-Appellant.

Third District   No. 3—87—0718

Opinion filed September 6, 1988.

Thomas A. Lilien, of State Appellate Defender's Office, of Ottawa, for appellant.

James T. Teros, State's Attorney, of Rock Island (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

Following a bench trial on stipulated facts, the trial court convicted the defendant, Wilma Wright, of aggravated battery and battery. The court then sentenced her to a 30-month term of probation for the aggravated battery conviction and a concurrent 12-month term for the battery conviction, both conditioned upon her serving six months in jail. The defendant's motion to modify her sentence was denied. She appeals.

At the defendant's trial, the parties stipulated to the following facts. On February 27, 1987, the defendant went to Frances Willard Elementary School to discuss her son's behavior with principal Judy Miller. During her meeting with Miller, the defendant became verbally

abusive. Miller asked her to leave and return when she had calmed down. As Miller turned to go into her office, the defendant hit her on the back of the head and continued hitting her, knocking her to the floor. When teacher's aide Nancy Brown tried to help Miller stand, the defendant began striking Brown with a purse. The purse strap broke and the defendant continued hitting Brown with the strap alone.

The presentence report showed that as a juvenile the defendant had committed the offenses of delinquency, stealing, sexual misconduct and soliciting for prostitution. As an adult, she had four traffic convictions and a felony retail theft conviction. The report further showed that the defendant had acquired a general equivalency degree, had earned 27 college hours, and had graduated from a beauty school. Though she had lost one hair designer job due to her failing to become licensed, she had another awaiting her at the time of sentencing. Her four children were ages 8, 14, 18 and 22. The oldest was mentally handicapped and lived with the defendant's mother.

In entering sentence, the trial court stated that the most difficult factor was the hardship and inconvenience to the defendant's dependents. The court concluded, however, that if parents were immune from jail time simply because of children, it would be open season on teachers and principals.

The defendant filed a motion to reduce or modify her sentence pursuant to section 5—8—1(c) of the Unified Code of Corrections (the Code) (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(c)). After the State moved to dismiss the motion because it had not been heard within 30 days of sentencing, the defendant amended her motion to show that it was being brought under section 5—6—4(f) of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(f)).

At a hearing on the motions, the trial court denied the defendant's section 5—8—1(c) motion, but allowed her to amend it and bring it under section 5—6—4(f). Defense counsel then told the court that the defendant had not understood that she could offer mitigating evidence at her sentencing hearing. She had therefore failed to present witnesses who would testify to her good character and to the victim's reputation of being a racist. Defense counsel believed that the defendant's misunderstanding might have been due to his miscommunication and further that the defendant probably had not received effective assistance of counsel.

The trial court denied the defendant's motion to reduce or modify her sentence. The court noted that the victim's racial attitudes were not a factor in sentencing, given the facts of the assault.

On appeal, the defendant first argues that the sentencing court abused its discretion by conditioning her probation on a six-month jail term. She contends that the court did not adequately recognize several mitigating factors, including her good employment prospects, the hardship a jail term would entail for her dependents, her law-abiding life for the past 10 years, the provocation under which she acted, and the lack of serious harm to the victim.

■ A defendant's sentence will not be reversed on appeal absent an abuse of discretion by the trial court. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) Aggravated battery is a Class 3 felony (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(e)), for which the court may sentence a defendant to not less than two years and not more than five years in prison (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(a)(6)).

■ With the exception of the alleged provocation, all of the named mitigating factors were before the instant trial court when it entered sentence. The record indicates that the court properly considered those factors in entering a sentence far below the maximum possible term. Further, the allegation of provocation, which was based on the victim's supposed general reputation as a racist, is not supported by the record. According to the stipulated facts, the victim neither said nor did anything to provoke the defendant. Given these circumstances, along with the several aggravating factors present, we find that the court did not abuse its discretion in entering sentence.

The defendant's second argument on appeal is that the trial court erred in refusing to conduct an evidentiary hearing on the defendant's motions to reduce or modify her sentence.

■ While the defendant propounds separate arguments regarding the court's alleged errors in refusing to conduct an evidentiary hearing on her motion based on section 5—8—1(c) and her substantively identical motion based on section 5—6—4(f), we find the distinction irrelevant in this case. It is within the trial court's sound discretion to determine whether it will hear additional evidence upon receiving a section 5—8—1(c) motion. (*People v. Hanna* (1987), 155 Ill. App. 3d 805, 508 N.E.2d 765.) Further, where the defendant moves to modify the term of imprisonment or other conditions of probation pursuant to section 5—6—4(f), due process requirements are met if she is permitted to appear personally and to present any documentary evidence; the court is not required to allow the defendant to be represented by counsel or to call witnesses. (*People v. Tipton* (1981), 88 Ill. 2d 256, 430 N.E.2d 1023.) Accordingly, given that the instant defendant's motions were identical in substance and that, if anything, the court had

less discretion to refuse additional evidence under section 5—6—4(f), we need only examine whether the court properly handled the section 5—6—4(f) motion.

The defendant appeared personally at the hearing on her motion and was represented by counsel. Defense counsel told the court that either he had miscommunicated to the defendant or she had not understood that she had a right to present evidence of her good character at the sentencing hearing and a right to present evidence that she had been provoked by the victim's racism. After considering the defendant's and the State's arguments, the court ruled that the defendant could not present witnesses. The court then denied the defendant's motion.

■ We find that the court did not abuse its discretion. Contrary to the defendant's contention in her brief, the record indicates that the court seriously considered her motion. Further, we do not agree with the defendant that the court had the burden of instructing her that she could introduce documentary evidence. The burden of proof was on the defendant (*People v. Tipton* (1981), 88 Ill. 2d 256, 430 N.E.2d 1023), and the court did nothing to prevent her from introducing documentary evidence. The defendant simply made no attempt to do so. Accordingly, given the court's compliance with *Tipton*, along with the instant facts, we conclude that the court properly exercised its discretion in refusing to allow the defendant to present witnesses and in denying her motion.'

The defendant's final contention on appeal is that she received ineffective assistance of counsel due to her attorney's failure to properly handle her section 5—8—1(c) motion and due to his failure to properly prepare for the sentencing hearing.

To establish ineffective assistance of trial counsel, a defendant must show a reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different. *People v. Madej* (1985), 106 Ill. 2d 201, 478 N.E.2d 392.

■ As previously noted, in the instant case there was no practical distinction between the defendant's filing the motion under section 5—8—1(c) or under section 5—6—4(f). Accordingly, counsel's handling of the section 5—8—1(c) motion did not demonstrate ineffective assistance as it did not affect the defendant's result.

■ Regarding defense counsel's handling of the sentencing hearing, at the hearing on the defendant's motion, the trial court heard counsel's synopsis of the evidence the defendant wished to introduce pursuant to her motion. The court indicated, in denying the motion, that evidence of the victim's racism would not have affected its sen-

tence. Further, the defendant has failed to show a reasonable probability that her proposed character evidence would have lessened her sentence. Accordingly, we find unpersuasive her ineffective assistance of counsel argument.

The judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

HEIPLE and WOMBACHER, JJ., concur.